**Timothy J. CASHMAN, Plaintiff,**

v.

**Michael EVANS, Defendant.**

United States District Court
S. D. New York.

Jan. 7, 1966.

Gilbert, Segall & Young, New York City, for plaintiff; Robert Black, Chicago, Ill., Thomas F. Cusack, Jr., New York City, of counsel.

Francis J. Heneghan, New York City, for defendant; Edward F. Sweeney, Bartholomew J. Rebore, New York City, of counsel.

LEVET, District Judge.

This diversity action, tried to a jury, is an automobile negligence case which presents an interesting question of choice of law in a guest statute context.

The following facts appear. Plaintiff, Timothy J. Cashman, is a theatrical lighting expert and electrician who regularly travels from place to place, who claims a Massachusetts residence in his complaint. He does not claim to be a New York resident. The defendant, Michael Evans, is a singer and actor who is a resident of New York.

Plaintiff and defendant were both employees of the Liza Company, a New York theatrical company which produced the road version of "My Fair Lady." On September 22, 1959, both plaintiff and defendant were in Alberta, Canada on a tour of that show. On that date, plaintiff was injured while riding as a passenger in the defendant's automobile when that car was involved in a collision in Alberta with a car driven by one Donald McLaurin, an Alberta resident. McLaurin's mother, also an Alberta resident and a passenger in her son's car, died from injuries suffered in the accident. Defendant's car was registered in Illinois, but his driver's license was issued by the State of New York. The accident occurred while plaintiff, defendant, and defendant's female companion were returning from a trip they had taken from Calgary, Alberta to Banff, Alberta.

The defendant claims that the law of Alberta, particularly the Alberta guest statute, Revised Statutes of Alberta, ch. 356, § 132 (1955), is applicable to the present case. Plaintiff does not contest that Alberta rules of the road apply here, but would apply the New York rule which allows untrammeled suits between guests and hosts. Under the rule of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188

(1938), as elucidated by Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), this court must apply the New York conflict of law rules. After examining the New York authorities and the facts here, I conclude that New York conflicts law calls for the application of the Alberta guest statute, under which a guest may recover from his host only if he can prove gross negligence or wilful and wanton misconduct on the part of his host.

The leading New York authorities are Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963) and Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965). In Babcock, the New York Court of Appeals expressly adopted the "grouping of contacts" theory of choice of law for negligence cases. There, plaintiff and defendant, residents of New York, traveled together by automobile for a weekend trip in Canada. While driving in the Province of Ontario, the plaintiff was seriously injured when defendant apparently lost control of his car and it ran off the road. Ontario had a guest statute, but the Court of Appeals refused to apply it, and applied the New York common law rule instead, because it held that the significant contacts on this issue were in New York and not in Ontario, the place of the accident. The guest-host relationship arose in New York; both plaintiff and defendant were New York residents; the automobile was garaged, licensed, and undoubtedly insured in New York; and the trip began and was to end in New York. The court, furthermore, could find no conceivable interest in Ontario's part for denying a remedy to a New York guest against a New York host for injuries suffered in Ontario in a case where Ontario insurance companies would be unaffected.

In the Dym case, however, the Court of Appeals did apply the guest statute of a foreign jurisdiction. There plaintiff was injured while riding as a passenger in defendant's car when that car collided with another in Colorado. Plaintiff and defendant were both New York residents and attending the University of Colorado as summer students. After evaluating the significant contacts, the court held that Colorado was the more interested jurisdiction and that the Colorado guest statute applied. The court emphasized the fact that the parties had been living in Colorado and that the guest-host relationship was formed in Colorado for a trip on Colorado highways and further pointed out that—

"* * * the policy underlying Colorado's law is threefold: the protection of Colorado drivers and their insurance carriers against fraudulent claims, the prevention of suits by 'ungrateful guests', and the priority of injured parties in other cars in the assets of the negligent defendant." 16 N.Y.2d at 124, 262 N.Y.S.2d at 466, 209 N.E.2d at 794.

Unlike Babcock and Dym, this case does not concern solely citizens of the State of New York. The plaintiff was not and is not a citizen of the State of New York.

Chief Judge Desmond, who concurred with Judge Fuld in the majority opinion in Babcock, dissented in Dym, writing as follows:

"* * * I would reverse because of the rule stated and applied in Babcock v. Jackson, 12 N.Y.2d 473, 482–484, 240 N.Y.S.2d 743, 750, 191 N.E.2d 279, 284, 95 A.L.R.2d 1, that is, that 'New York's policy of requiring a tort-feasor to compensate his guest for injuries caused by his negligence' is not to be departed from 'simply because the accident, *solely affecting New York residents* and arising out of the operation of a New York based automobile, happened beyond its borders.'" (Emphasis inserted) 16 N.Y.2d at 134, 262 N.Y.S.2d at 474–475, 209 N.E.2d at 800.

In my judgment New York public policy does not demand an imposition of liability upon a New York defendant in

such a case as this when a defendant from another state might not be subject to such liability to a guest. I know of no authority for a policy in New York which insists upon burdening New York drivers with liability to non-residents because of the fortuitous circumstance that the driver happens to be a New Yorker.

Dym v. Gordon, supra, further supports the application of the Alberta law here. The presence of plaintiff in defendant's car in Alberta was not purely fortuitous. Both parties were transacting business in Alberta at that time. Plaintiff as well as defendant presumably came to Alberta deliberately, intentionally and knowingly. Furthermore, the fated trip began and was to end in Alberta. Thus, it may be said that the guest-host relationship was formed in Alberta, and not in New York as was the case in Babcock v. Jackson, supra.

In the present case and in Dym a collision was involved unlike Babcock. As Judge Burke pointed out in Dym, the state in which the accident occurred has an interest in preventing the dissipation of the negligent defendant's assets. The defendant, in fact, struck a car operated by one Donald McLaurin, whose mother, a passenger, died as a result of injuries sustained in the crash.

In Dym, Judge Burke specifically rejects the theory that Babcock requires a rigid rule of liability on all guest cases when he wrote:

"  *  *  *  To give domicile or an alleged public policy such a preferred status is to substitute a conflicts rule every bit as inflexible and arbitrary as its *lex loci* predecessor. Such was not our intention in Babcock." 16 N.Y.2d at 127, 262 N.Y.S.2d at 468–469, 209 N.E.2d at 796.

It is clear that New York has no public policy against the application of the guest statutes of foreign jurisdictions in its courts in appropriate cases. Dym v. Gordon, supra, 16 N.Y.2d at 128, 262 N.Y.S.2d at 469, 209 N.E.2d at 792.

Moreover, the Ontario guest statute in Babcock denied passenger-plaintiffs a remedy against hosts, but Judge Fuld in his opinion attached a footnote reading as follows:

"It of course follows from our decision herein that, given the facts of the present case, the result would be the same and the law of New York applied where the foreign guest statute requires a showing of gross negligence." 12 N.Y.2d at 484, 240 N.Y.S.2d at 752, 191 N.E.2d at 285.

This at most is dictum. In fact in his opinion Judge Fuld wrote:

"  *  *  *  Where the defendant's exercise of due care in the operation of his automobile is in issue, the jurisdiction in which the allegedly wrongful conduct occurred will usually have a predominant, if not exclusive, concern. In such a case, it is appropriate to look to the law of the place of the tort so as to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place." 12 N.Y.2d at 483, 240 N.Y.S.2d at 750–751, 191 N.E.2d at 284.

Apropos of the above quotation from Judge Fuld's Babcock opinion, Judge Van Voorhis, dissenting in Babcock, supra, commented in part as follows:

"  *  *  *  If extraterritoriality is to be the criterion, what would happen, for example, in case of an automobile accident where some of the passengers came from or were picked up in States or countries where causes of action against the driver were prohibited, others where gross negligence needed to be shown, some, perhaps, from States where contributory negligence and others where comparative negligence prevailed? In the majority opinion it is said that 'Where the defendant's exercise of due care in the operation of his automobile is in issue, the

jurisdiction in which the allegedly wrongful conduct occurred will usually have a predominant, if not exclusive, concern.' This is hardly consistent with the statement in the footnote that gross negligence would not need to be established in an action by a passenger if the accident occurred in a State whose statute so required." 12 N.Y.2d at 486–487, 240 N.Y.S.2d at 753–754, 191 N.E.2d at 286.

In conclusion, the significant contacts as to the guest statute issue here are in Alberta. Consequently, I have charged the jury in this case in accordance with the Alberta guest statute.