**Cathleen GEEHAN, Plaintiff,**

v.

**Richard S. MONAHAN, Defendant.**

**No. 63–C–215.**

United States District Court
E. D. Wisconsin.

Aug. 11, 1966.

on pleading and proof of ordinary negligence was applicable.

———◆———

Irving D. Gaines, Charles M. Hanratty, Milwaukee, Wis., for plaintiff.

Suel O. Arnold, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action by a guest against her host to recover damages arising out of an automobile accident in a federal park in the State of Virginia.

At the time of the accident and the commencement of this lawsuit, the plaintiff, an airline hostess, was a resident of the State of Wisconsin[1] but was temporarily living in the State of Virginia; and at the same times, the defendant driver, a student, was a resident of the State of New York but was temporarily living in the District of Columbia. The automobile was registered in the name of defendant's mother, a New York resident, but was actually owned by the defendant.

The case was tried to a jury which returned a special verdict finding the defendant causally negligent and awarded the plaintiff $40,000 for pain, suffering, and permanent disability. The other portions of the damage question were answered by the court on stipulation of the parties. The court entered judgment on the verdict in favor of the plaintiff and against the defendant in the amount of $46,237.66.

The defendant has filed a motion for judgment notwithstanding the verdict, renewed earlier motions for a directed verdict and, in the alternative, has filed a motion to change the answer to the negligence question and to strike the an-

1. The action was originally commenced in the United States District Court for the Eastern District of Virginia, Alexandria Division. The case was transferred to this district, upon the agreement of counsel, after Judge Lewis determined that the plaintiff did not establish residency in the Eastern District of Virginia so as to enable her to bring suit in that district. The answer to the amended complaint filed in this district on January 13, 1964, admits the residency of the plaintiff in Wisconsin at the time this action was commenced.

swer to the causation question in the special verdict. Further, the defendant has moved, in the alternative, to strike the figure of $40,000 as being excessive and to insert a figure supported by credible evidence in the case; and finally, again in the alternative, the defendant has moved for a new trial, listing fifteen grounds therefor.

At the hearing on the above motions, defendant's counsel directed his arguments solely to the question dealing with the choice of law. The defendant urges that Virginia law should apply because that State requires proof of gross negligence before a host can be liable to a guest. The plaintiff urges that the law of Wisconsin be applied because liability of the host may then be based on a finding of ordinary negligence.

Before trial, this Court decided that on the particular question of the degree of negligence chargeable against the New York host by a Wisconsin guest in an accident fortuitously occurring in Virginia, only New York and Wisconsin have any real concern; and that since New York and Wisconsin are in agreement on the issue, we would apply Wisconsin law because of the rule of Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965).

■ In deciding what law to apply in a diversity case where there is a conflict of laws, this Court must follow the choice of law rule which a Wisconsin court must be obliged to follow. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Castonzo v. General Casualty Company of Wisconsin, 251 F.Supp. 948 (W.D.Wis. 1966).

■ Acting as a Wisconsin court, we are bound by the rule of Wilcox v. Wilcox, supra, which rejected the rigorous application of the *lex loci delicti* choice of law rule and adopted the rule that the trial court should make its determination on a rational rather than on a mechanical basis by a "center of gravity" or a "grouping of contacts" rule. The court in the *Wilcox* case stated 26 Wis.2d at page 621, 133 N.W.2d at page 410:

"We believe that this will permit a reasonable and flexible approach that will allow the use of *lex loci delicti, lex fori,* or a combination of the two or the law of a third state if it is in the interests of sound legal administration and justice to do so. \* \* \*"

The court further stated at pages 634 and 635, 133 N.W.2d at page 416:

" \* \* \* We start with the premise that if the forum state is concerned it will not favor the application of a rule of law repugnant to its own policies, and that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance. \* \* \*

\* \* \* \* \* \*

" \* \* \* It is to be hoped that the approach set forth herein will enable courts to face the facts as they exist and to make their determinations on a rational rather than mechanical basis. \* \* \*"

■ Thus, under the *Wilcox* case the method to be followed by a trial court to ascertain what law to apply to a particular issue is as follows:

1. Determine what the public policy of Wisconsin is, if any, on the particular issue.

2. If Wisconsin has a public policy on the issue, whether *lex loci delicti* would be repugnant to it.

3. If *lex loci delicti* is repugnant to the public policy of Wisconsin, then there is a presumption in favor of *lex fori*. This presumption is overcome only in those cases where (a) the nonforum contacts are of greater significance and (b) there is some rational basis for the court to apply *lex loci delicti*.

■ Using this method in the instant case, we find that Wisconsin has enunciated a public policy on the question of the degree of negligence on the part of the driver before there can be recovery by the guest. This is set forth, for example,

in the *Wilcox* case 26 Wis.2d at pages 631–632, 133 N.W.2d at page 415:

"The law of Wisconsin permits a guest to recover from a host upon the pleading and proof of ordinary negligence. It is the policy of our law to provide compensation to a person when he has been negligently injured. The reasons for this policy are manifold. Among them are that the wrongdoer should bear the cost of an injury because of his causal fault and not the injured party (unless he is equally at fault) or the state authorities or those who have furnished medical services, and that to the extent that damages in a negligence action are punitive, it is hoped that the burden of a judgment may deter like conduct by others."

This policy has been developed in recognition of the fact that owners of automobiles, whose drivers through their fault cause injuries to others, are in a better position to bear the costs of those injuries and to protect themselves from this burden than are the innocent injured parties.

▪ The *lex loci delicti* where the host is only liable if he is guilty of gross negligence is repugnant to the policy of the State of Wisconsin. Therefore, the presumption is in favor of *lex fori* unless the nonforum contacts with Virginia are of greater significance than the contacts with Wisconsin. Under the facts of this case, the only contact with the State of Virginia is the fortuitous event of the accident having taken place within the geographic boundaries of that State. Therefore, this Court concludes that the law of Wisconsin should be applied in this case.[2]

In deciding this issue this Court has considered two recent cases cited by counsel for defendant: Cashman v. Evans, 249 F.Supp. 273 (S.D.N.Y.1966), and Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965). The Court does not believe that these cases are applicable to the present fact situation because they are distinguishable factually and are also distinguishable legally since New York does not have a presumption similar to the one set forth in *Wilcox*.

With respect to the motion to strike the figure of $40,000 from that subdivision of the damage question relating to pain and suffering in the past and in the future, the Court is of the opinion that said figure is supported by substantial credible evidence in the record when one considers the age, appearance, medical history, and prior activities of the plaintiff and the evidence relating to the nature, extent, and permanency of her injuries. The Court will not disturb the award made by the jury.

With respect to the alternative motions to change the answer to the negligence question and to strike the answer to the causation question, the Court is of the opinion that the answers to these questions in the special verdict were supported by sufficient credible evidence and that they should not be disturbed.

With respect to the motion for a new trial and the various grounds therefor, the Court is satisfied that all grounds were ruled upon at the trial or in this opinion and that a further discussion is not necessary.

For the foregoing reasons,

It is ordered that defendant's various motions after verdict must be and the same are all hereby denied.

---

2. It might be argued that the law of New York should be applied, but we do not have to decide this because on the question of negligence of the host-driver, both Wisconsin and New York are in agreement.