## NOLAN, ADMINISTRATOR, ET AL. v. TRANSOCEAN AIR LINES.

No. 107.   Argued January 12, 16, 1961.—Decided February 20, 1961.

*Robert A. Dwyer* argued the cause for petitioners. With him on the brief were *Edward M. O'Brien* and *Harry S. Wender.*

*William J. Junkerman* argued the cause for respondent. With him on the brief was *James B. McQuillan.*

PER CURIAM.

This action was brought in the United States District Court for the Southern District of New York to recover damages for the wrongful death of Jasper W. Hall, a resident of South Carolina, who was killed in California in the crash of an airplane operated by defendant-respondent Transocean Air Lines.  Plaintiffs, petitioners here, are

the decedent's South Carolina-appointed administrator, decedent's widow, and decedent's minor child, who sues through the widow, her mother, appointed her guardian *ad litem* by the District Court. Federal jurisdiction was predicated solely on diversity of citizenship—the administrator being a New York resident, the widow and child South Carolina residents, the airline a California corporation with its principal place of business in California— and the substantive basis of the claim was California's Wrongful Death Statute, Cal. Code Civ. Proc. § 377, made applicable by the New York choice-of-law rules, see *Baldwin* v. *Powell*, 294 N. Y. 130, 61 N. E. 2d 412, which govern this diversity action. *Erie R. Co.* v. *Tompkins*, 304 U. S. 64; *Klaxon Co.* v. *Stentor Elec. Mfg. Co.*, 313 U. S. 487. The defendant, by its answer, set up the Statute of Limitations, and subsequently moved for summary judgment on the ground that the action was time-barred. Enforcing the one-year limitations period deemed controlling under Cal. Code Civ. Proc. § 340, brought into operation by New York's "borrowing statute," N. Y. Civ. Prac. Act § 13, the District Court held that the Statute had run as to the widow, and hence that the child and the administrator were also barred under the California doctrine, announced by California District Courts of Appeal in *Sears* v. *Majors*, 104 Cal. App. 60, 285 Pac. 321, and *Haro* v. *Southern P. R. Co.*, 17 Cal. App. 2d 594, 62 P. 2d 441, that where one beneficiary of a wrongful death claim is time-barred, all beneficiaries are time-barred, the cause of action being "joint." 173 F. Supp. 114. There was no decision on this precise point by the Supreme Court of California; that court had left *Sears* and *Haro* undisturbed. See also *Gates* v. *Wendling Nathan Co.*, 27 Cal. App. 2d 307, 81 P. 2d 173; *Glavich* v. *Industrial Accident Comm'n*, 44 Cal. App. 2d 517 112 P.

2d 774 (dictum). The District Court's order granting the motion for summary judgment was affirmed by the Court of Appeals for the Second Circuit. 276 F. 2d 280. We granted certiorari. 363 U. S. 836.

The writ brought here several points decided adversely to petitioners below. We need discuss only one issue, for its determination disposes of the case. The *Sears* and *Haro* cases, regarded by the District Court and the Court of Appeals as controlling the effect upon a claim for wrongful death of the running of the Statute of Limitations upon one but not upon another of the decedent's heirs (the latter being under a limitations-tolling disability), were decided in 1930 and 1936, respectively, and *Gates* in 1938, by California District Courts of Appeal. In December 1959, the Supreme Court of California, *en banc,* decided *Leeper* v. *Beltrami,* 53 Cal. 2d 195, 347 P. 2d 12, which, in a considered dictum construing Cal. Code Civ. Proc. § 352, stated: "If the cause of action were a joint one, the statute would be tolled as to both. 'If an action not severable is not barred as to one of the parties on account of his infancy at the time the cause of action arose, it is not barred as to either of the other parties.' " *Id.,* at 208–209, 347 P. 2d, at 22.

This case was handed down after the District Court's ruling granting summary judgment for respondent in the present litigation, and only shortly before argument in the Court of Appeals. It was not brought to the attention of, and was not considered by, that court. Inasmuch as the view expressed therein by the highest court of California may be decisive of an issue critical to petitioners' claims, and inasmuch as the Court of Appeals for the Second Circuit is charged with mandatory appellate review in the present case, that court should decide what relative weights, as authoritative sources for ascer-

taining California law, the New York Court of Appeals would accord to the *Sears-Haro* line (direct holdings of District Courts of Appeal between 1930 and 1938) and to *Leeper* (a considered, relevant dictum of general scope by the California Supreme Court in 1959). We set aside the judgment of the Court of Appeals and remand to that court for reconsideration of the case in light of the new factor introduced by *Leeper* v. *Beltrami, supra.*

*So ordered.*