**C. C. DUKE and C. T. Duke, Appellants,**

v.

**SUN OIL COMPANY and Pan American Petroleum Corporation, Appellees.**

No. 19975.

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1963.

B. T. Fitzhugh, Booker, Tex., Robert D. Lemon, Edward L. Atkinson, Perryton, Tex., for appellants.

George S. Terry, J. Colbert Peurifoy, Dallas, Tex., H. A. Berry, Amarillo, Tex., for appellees.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The Lessors' Petition for Rehearing is granted to this extent. In light of Steeple Oil & Gas Corp. v. Amend, Tex.Civ.App., 1960, 337 S.W.2d 809, error ref'd, n. r. e., and the cases discussed in Lasater, Shut-In Royalty in Texas, 26 Tex.B.J. 365, 412 (1963), we conclude that we ought not at this stage to hold as a matter of law that the anniversary date for payments of shut-in royalty was established by the actual date of shut-in of the well (May 13, 1957), or alternatively, by the date Lessors received the initial check (not later than May 14, 1957). The Lessees' objections to our considering this point are without support.

The problem arises only as to the payments due in 1959 and 1960. As the Texas law on this is not yet so clear as to compel a choice between May 2 as claimed by Lessors or May 13/14 as perhaps claimed by Lessees, we think it better that the ultimate ruling be made in the light of the precise facts pertaining to those years, either as they actually existed or as found to exist by the trier of fact. On a matter so vital to Texas, we ought not to make a ruling unless the facts require it. Byers v. Byers, 5 Cir., 1958, 254 F.2d 205; American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co., 5 Cir., 1960, 280 F.2d 453. Since the case is being remanded for a partial re-

trial, this limited aspect is likewise to be open for further disposition. If on remand the underlying critical facts are in dispute, making summary judgment impermissible, the facts as to each of those two years should be resolved on the retrial by precise special interrogatories under F.R.Civ.P. 49. As we have many times pointed out, this will afford the trial court, and in the event of an appeal this court, an opportunity to rule intelligently in the light of intervening decisions of Texas courts in this prolific field of oil and gas law. See note 19 and Warren Petroleum Co. v. Thomasson, 5 Cir., 1959, 268 F.2d 5, 9, n. 3. Moreover, such fact findings may eliminate altogether any possible law question.

The decision on the questions of the proper anniversary date and the timeliness of the 1959 and 1960 payments is initially for the District Court, and we intimate no view as to what the correct answer will be. In all other respects the Petitions of Lessors and Lessees for Rehearing or Clarification are denied.