Mary S. HOPKINS, Individually and as Executrix of the Estate of George D. Hopkins, Deceased, Appellant,

v.

LOCKHEED AIRCRAFT CORPORATION, Appellee.

No. 22518.

United States Court of Appeals Fifth Circuit.

March 24, 1966.

James A. Franklin, Jr., Fort Myers, Fla., for appellant.

David H. McClain, T. Paine Kelly, Jr., and MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

The question presented here is whether Florida will apply the monetary limitation of the Illinois death statute in an action brought in Florida against the manufacturer of the airplane to recover for the death of a Florida citizen occurring in Illinois on the return leg of a round trip flight under a ticket purchased and issued in Florida. We are of the view that the question should be certified to the Supreme Court of Florida by the Certificate attached. Fla.Stat. § 25.031, F.S.A. (1959); Fla.Appellate Rules 4.61, 31 F.S.A.; see Clay v. Sun Ins. Office, Ltd., 1960, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed. 2d 1170, on certification upon remand, Fla., 1961, 133 So.2d 735, on receipt of answers to certification, 5 Cir., 1963, 319 F.2d 505, rev'd, 1964, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229; Green v. American Tobacco Co., 5 Cir., 1962, 304 F.2d 70, on rehearing, 304 F.2d 85, on certification, Fla., 1963, 154 So.2d 169, on receipt of answers to certification, 5 Cir., 1963, 325 F.2d 673, cert. denied, 1964, 377 U.S. 943, 84 S.Ct. 1349, 1351, 12 L.Ed.2d 306.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO § 25.-031, FLORIDA STATUTES 1959, AND RULE 4.61, FLORIDA APPELLATE RULES.

To the Supreme Court of Florida and the Honorable Justices thereof:

It appears to the United States Court of Appeals for the Fifth Circuit that there are involved in the above-styled case in said Court questions or propositions of the laws of the State of Florida which are determinative of the said cause, and that there are no clear, controlling precedents in the decisions of the Supreme Court of the State of Florida.

The said United States Court of Appeals for the Fifth Circuit therefore certifies such questions or propositions of the laws of the State of Florida to the Supreme Court of Florida for instructions concerning such questions or propositions of State law, pursuant to § 25.031, Florida Statutes 1959, F.S.A., and Rule 4.61, Florida Appellate Rules, as follows:

(1) *Style of the Case*

The style of the case in which this certificate is made is as follows: MARY S. HOPKINS, individually and as Executrix of the Estate of George D. Hopkins, deceased, appellant versus LOCKHEED AIRCRAFT CORPORATION, appellee, case No. 22518, United States Court of Appeals for the Fifth Circuit, said case being an appeal from the United States District Court for the Middle District of Florida, Fort Myers Division.

(2) *Statement of Facts*

Plaintiff (appellant), a Florida citizen, prior to September 17, 1961, resided in Florida with the Deceased as man and wife. On September 17, 1961, the Deceased was a fare-paying passenger on an aircraft designed and manufactured by Lockheed (appellee), a California corporation doing business in Florida, and operated by Northwest Airlines, Inc., which crashed in Illinois, killing all persons aboard. The aircraft was on a regularly scheduled flight from Milwaukee, Wisconsin, to Tampa, Florida, via Chicago, Illinois. Deceased boarded the doomed aircraft in Chicago, after a stopover of several days, on the last leg of a round trip ticket he had purchased from Northwest in Tampa.

After his death, probate was commenced in Lee County, Florida, and Plaintiff was appointed as Executrix of the estate of her deceased husband. Administration of this estate is still pending.

Thereafter, Plaintiff filed separate actions against Northwest and Lockheed. The basis of the allegations in the suit against Northwest was negligent maintenance and operation of the aircraft, and the basis of the suit against Lockheed, the subject of this appeal, is negligent design and manufacture resulting in a breach of implied warranty of fitness. The suit against Northwest was terminated by payment of $32,500 to Plaintiff in consideration for a covenant not to sue.

The Illinois Wrongful Death Act, Ill. Ann.Stat. ch. 70, §§ 1–2 (Smith-Hurd), provides an action for damages for wrongful death for accidents within the State of Illinois and contains a limitation of recoverable damages in the amount of $30,000.

The Florida Wrongful Death Act, Fla. Stat.Ann. § 768.01 et seq., contains no limitation on the damages recoverable for wrongful death.

At the pre-trial conference, argument was held as to the governing law, and the District Judge orally ruled that Illinois law would apply except as to the limitation on damages which was contrary to the public policy of the State of Florida. Thereafter, the District Court entered its Pre-Trial Conference Order, and in Paragraph 4 thereof rescinded its former ruling and determined that the cause would be governed exclusively by Illinois law. (R. 13). On this premise the Motion for Summary Judgment filed by Defendant was properly granted at that stage of the record since Plaintiff had already received from NORTHWEST the maximum amount recoverable under Illinois law, and a trial on the merits would have been a moot question. (R. 22).

The question now before this Court does not involve the allegations on negligence, nor the theory of plaintiff's cause of action. Instead, the sole question presented by Plaintiff's appeal is whether the Federal District Court, Erie-bound to follow Florida's conflict-of-laws rule, properly held that the Illinois limitation of damages applies in this wrongful death action. We have been unable to find any Florida decision which is directly dispositive of this question. Neither party disputes, and for the purpose of this certification it should be assumed, that pursuant to the minimum-contacts rule Florida could constitutionally apply to this

suit either the Illinois $30,000-damage limitation or its own Wrongful Death Act rule of unlimited damages. See Pearson v. Northeast Airlines, Inc., 2 Cir., (en banc), 1962, 309 F.2d 553. But Plaintiff insists that in light of Kilberg v. Northeast Airlines, Inc., 1961, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526, and Griffith v. United Airlines, Inc., 1964, 416 Pa. 1, 203 A.2d 796, including the writings of many commentators advocating the departure from the traditional doctrine of *lex loci delictus* in this situation, the Florida courts would decline to apply the Illinois limitation as contrary to the public policy of the State of Florida. To the contrary, Lockheed contends that the Illinois limitation of damages does not offend the public policy of Florida, and that its courts, following Wiener v. United Air Lines, S.D.Cal., 1964, 237 F.Supp. 90, and Cherokee Laboratories, Inc. v. Rogers, Okl., 1965, 398 P.2d 520, and adhering to the general rule we previously recognized for Florida in out-of-state automobile-collision cases, Kilmer v. Gustason, 5 Cir., 1954, 211 F.2d 781, 783, would apply the Illinois limitation to this cause of action.[1]

(3) *Question of Law to be Answered*

Would the State Courts of Florida, for reasons of public policy or otherwise, refuse to apply the Illinois limitation of damages in the above situation, and if so, would any limitation of damages apply?[2]

The entire record in this case, together with copies of the briefs of the parties in this Court, are transmitted herewith.

WARREN L. JONES
United States Circuit Judge
Presiding

---

1. We are informed by Lockheed that the result reached by the District Court herein and for which it now contends, was likewise reached by Judge Dyer in Graboski v. Northwest Airlines, Inc., S.D. Fla., No. 63–412–Civ–DD, when he granted a partial summary judgment in favor of defendants on December 11, 1963.

2. In framing this question, we do not intend to foreclose the Supreme Court of Florida from deciding upon consideration of the allegations and facts in the record (e. g., that this is a suit against the manufacturer of the plane, not the common carrier, alleging negligent design and maintenance) that perhaps the law of a third forum (neither Illinois nor Florida) governs and supplies the limitation of damages.