**The LIFE INSURANCE COMPANY OF VIRGINIA, Appellant,**

**v.**

**Leroy J. SHIFFLET, as Executor de bonis non of the Estate of Florence I. Shifflet, Deceased, Appellee.**

**No. 22549.**

United States Court of Appeals Fifth Circuit.

Jan. 4, 1967.

B. E. Hendricks, Miami, Fla., for appellant.

Wm. L. Gray, III, James E. Tribble, Miami, Fla., for appellee.

Before PHILLIPS,* RIVES and COLEMAN, Circuit Judges.

PER CURIAM:

The decision of this case turns upon the proper construction of Section 627.01081 of the Florida Statutes, F.S.A. as a part of the Florida Insurance Code enacted October 15, 1959, now appearing as Chapter 59–205 of the Florida General Laws of 1959. This Court held (359 F.2d 501) that, in his application for the policy of insurance on which this suit is based, Earl C. Shifflet "made clearly incorrect statements of fact on highly material matters, but he did not know they were incorrect." Under this Court's construction of the Florida statutes above cited, if the applicant did not know that the statements were incorrect, or failed to recall them, there was no misrepresentation, but if he falsely answered one or more of such statements with knowledge of the falsity, then there could be no recovery.

Subsequent to the decision in this cause, the District Court of Appeals for the Second District of Florida rendered its decision in Douglas v. Mutual Life Insurance Company of New York, 191 So.2d 483 (opinion filed October 12, 1966), which reaches a result, on facts somewhat similar to those of the case at bar, apparently contrary to this Court's decision. On November 22, 1966, the petition for rehearing filed by the appellant in said cause was denied without opinion. We are informed that no application for writ of certiorari will be made in said cause. The result is that this Court is now in doubt as to the rule of construction of the Florida statutes above cited which would be applied by the Supreme Court of Florida under the facts and circumstances of this case.

In view of the importance of the question, this Court has decided to grant the appellant's petition for rehearing to the extent necessary to certify such question or proposition of the laws of Florida, pursuant to the provisions of Section 25.-031 Florida Statutes, F.S.A., and Rule 4.61 Florida Appellate Rules, 31 F.S.A. See Sun Insurance Office, Ltd. v. Clay, 5 Cir. 1959, 265 F.2d 522, Vacated and Remanded (1960) 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170; Sun Insurance Office, Ltd. v. Clay, Fla.1961, 133 So.2d 735; same case, 5 Cir. 1963, 319 F.2d 505; Green v. American Tobacco Company, 5 Cir. 1962, 304 F.2d 70, 85, 86; same case, Fla.1963, 154 So.2d 169; same case, 5 Cir. 1963, 325 F.2d 673.

The parties are requested to stipulate, if possible, the contents of the certificate as provided for in said rule. If they are unable so to stipulate, they should report to this Court their respective views on or before February 6, 1967.[1] To such extent the petition for rehearing is

Granted.

---

* Of the Tenth Circuit, sitting by designation.

1. Such report may be typed, and accompanied by brief which may also be typed, at least four legible copies to be filed.