Eusebio M. MARTINEZ, father of Jacqueline M. Martinez, a minor, deceased, Appellant,

v.

Jose RODRIQUEZ and Antonio Rodriquez, d/b/a Ingram Court Apartments, Appellees.

No. 24319.

United States Court of Appeals Fifth Circuit.

April 29, 1969.

Robert Orseck, Miami, Fla., for appellant.

Richard B. Adams, Jeanne Heyward, Miami, Fla., for appellees.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Once again we witness the effectiveness—both substantive and administrative—of Florida's remarkably helpful certification procedure[1] by which the Florida Supreme Court determines for us the controlling question of Florida law. The question certified to the Florida Court[2] was whether a father who sues under the Florida Statute 768.03 to recover damages for the death of his minor daughter is completely barred from recovery by the contributory negligence of the child's mother, even when the father neither knew nor should have known of the mother's negligent conduct in supervising the child. This question has now been answered in the affirmative, thus the District Court's judgment denying recovery must be affirmed.

In response to our certification the Florida Supreme Court, as the final expositor on questions of Florida law, has given this Court a clear and authoritative answer to the determinative issue in this case.[3] After analysis of both the Florida statutes and the cases thought relevant, the Florida Court has ruled that even though a spouse does not have actual knowledge or notice of the negligent conduct of the other spouse, the latter's negligence may be imputed to the former, and the non-negligent spouse may thus be barred by the defense of contributory negligence in a claim under Fla.Stat. § 768.03, F.S.A.

Accordingly, our task in the instant case has been made simple, and at the same time this proves the dual prescient twin screw seeworthiness of Judges Dyer and Fulton, United States Lines Co. v. Williams, 5 Cir., 1966, 365 F.2d 332, 336, 1966 A.M.C. 2418, who predicted that Klepper[4] was the law of the Medes and Persians which altereth not. Being Erie bound by the ruling of the Florida court, see Hopkins v. Lockheed Aircraft Corp., 5 Cir., 1968, 394 F.2d 656, we hold that recovery was properly denied on the basis of the jury's finding that the mother was contributorily negligent.

We would be remiss if we did not once again seize the opportunity to extol the virtues of the Florida certification procedure. For example, while this Court following the footsteps of the stalwarts below might have reached the same conclusion as that of the Florida Court with respect to the issue in this case, our decision would have had no assurance of predictable correctness. No matter how many Federal Judges, trial, appellate, three-Judge panel, or the full panoply of the court en banc, any decision would have been an Erie-guess. Now the guesswork has been eliminated, and we are quickly presented with a definitive explication of Florida law.

There are, to be sure, purists who somehow feel that a struggle of uncertainty leading even to the likelihood of an erroneous but speedy result is better than the slight time it takes to get an authoritative answer. But so long as Florida is with us and has this responsive mechanism that not only lights our lights but keeps us straight at the same

---

1. Fla.Stat. § 25.031, F.S.A. (1959); Fla. App.Rules 4.61, 32 F.S.A.

2. Our earlier decision with the certificate is reported as Martinez v. Rodriquez, 5 Cir., 1968, 394 F.2d 156. It washed out all other asserted contentions.

3. The Florida Supreme Court's answer is reported at 215 So.2d 305.

4. Klepper v. Breslin, Fla., 1955, 83 So.2d 587.

time,[5] this tribunal is grateful for the substitution of certainty for the sometimes scholastic, always uncertain, exploration into what the local Judges would say they would say the local law is.[6]

With dispatch [7] and positiveness Florida answers the Florida question. What more could one want?

Affirmed.

---

5. For a full treatment of the efficiency of the Florida certification procedure, see Hopkins v. Lockheed Aircraft Corp., 5 Cir., 1966, 358 F.2d 347, on certification upon remand, Fla., 1967, 201 So.2d 743, on rehearing, 201 So.2d 749, on receipt of answers to certification, 5 Cir., 1968, 394 F.2d 656. In our initial opinion in the instant case (See note 2 supra), 394 F.2d 156, 157 n. 2, we gave a full rundown on this marvelous mechanism, which has since had the imprimatur that the Supreme Court gave to this misnamed abstention in W. S. Ranch Co. v. Kaiser Steel Corp. 10 Cir., 1968, 388 F.2d 257 264, dissenting opinion, reversed 1968, 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835. We have been saved from numerous wrong guesses. See Green v. American Tobacco Co., 5 Cir., 1969, 409 F.2d 1166 (en banc), dissenting opinion, see n. 2. To this may be added some near misses, some of which momentarily led some of us to think that the light had struck. See, e. g., Weed v. Bilbrey, Fla.Ct.App., 1967, 201 F.2d 771, which for a brief time embraced this lone dissenter's views in Emerson v. Holloway Concrete Prods. Co., 5 Cir., 1960, 282 F.

2d 271, 278, cert. denied, 364 U.S. 941, 81 S.Ct. 459, 5 L.Ed.2d 372, only to be done in by Moragne v. State Marine Lines, Inc., Fla., 1968, 211 So.2d 161, reversing *Weed* as well, 215 So.2d 479.

6. See Judge Friendly's now-famed apothegm: "Our principal task, in this diversity of citizenship case, is to determine what the New York courts would think the California courts would think on an issue about which neither has thought." Nolan v. Transocean Air Lines, 2 Cir. 1960, 276 F.2d 280, 281, reversed, 1961, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed.2d 571, on remand, 2 Cir., 290 F.2d 904.

7. The gestation period is short. We certified on May 2, 1968, 394 F.2d 156. The Supreme Court answered on October 30, 1968, 215 So.2d 305, and from that time on, the unsuccessful plaintiffs have known so well their full defeat that they have not taken a single step here or there to seek even a momentary transplant with likely rejection. This opinion is merely the coup de grace.