**Mrs. John W. ALLEN, Plaintiff-Appellant,**

v.

**The ESTATE of Charles Francis CARMAN, Mrs. Sylvia Carman, Executrix, et al., Defendants-Appellees.**

**No. 30472.**

United States Court of Appeals, Fifth Circuit.

July 7, 1971.

Eugene R. Kiser, Warren A. Rosser, Atlanta, Ga., Leonard Jaffe, Miami, Fla., Beasley, Kahn, Rosser & Kiser, Atlanta, Ga., for plaintiff-appellant.

James A. Smith, Miami, Fla., Fred C. Davant, Miami, Fla., Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, PHILLIPS * and INGRAHAM, Circuit Judges.

PER CURIAM:

The issues presented by this appeal are related to the parties' dispute over the correct interpretation of the Florida Workmen's Compensation Law, 15 F.S.A. § 440.01 et seq., and the

---

* Of the Tenth Circuit, sitting by designation.

question of whether it provides the exclusive remedy for the plaintiff-appellant, thus barring her common law action against the employer for the death of her husband. Because assessments of legislative policies underlying the statute are involved here, and because such matters are peculiarly within the competence of State courts, we defer decision and certify the issues to the Supreme Court of Florida for their resolution.[1]

Following our experience-born practice we requested that the parties submit a proposed agreed certificate of the issue or issues for decision. Because there was substantial disagreement between them regarding both the form and substance of the questions to be certified, our work has been unnecessarily increased, and, more important, there is a risk that in our drafting we may not have adequately stated the situation. See e. g., Green v. American Tobacco Co., *supra*, note 1, 409 F.2d 1166, 1168 (dissenting opinion). Consequently we have redrafted their statements of facts and issues. However, we have been careful to indicate by notes the points upon which the parties cannot agree and the nature of their respective views. Of necessity the answers to some issues may be contingent upon the answers to others or may entail consideration of disputed issues of fact not yet resolved.[2]

Particularly in this case do we disclaim any intention or desire on our part that the Supreme Court of Florida confine its answer within the precise form or scope of the questions certified. On the contrary, we wish that the Court exercise the widest discretion in its consideration of the problems involved as presented by the record, briefs and certificate, including if it so desires a complete reformulation of the certified questions and the manner in which they are presented. In no sense should our phrasing of the questions be construed as restricting the scope of decision.

The certificate is deemed to include all of this opinion.

## CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO 25.031, FLORIDA STATUTES, 1959, F.S.A., AND RULE 4.61, FLORIDA APPELLATE RULES, 32 F.S.A.

## TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above styled case in this Court involves questions or propositions of the law of the State of Florida which are determin-

1. We have, of course, taken advantage of Florida's remarkable certification procedure many times. See A. R. Moyer, Inc. v. Graham, 5 Cir., 1971, 443 F.2d 434; Martinez v. Rodriquez, 5 Cir., 1968, 394 F.2d 156, on certification, Fla., 1968, 215 So.2d 305, on receipt of answers to certification, 5 Cir., 1969, 410 F.2d 729; Life Ins. Co. of Va. v. Shifflet, 5 Cir., 1967, 370 F.2d 555, on certification, Fla., 1967, 201 So.2d 715, on receipt of answers to certification, 5 Cir., 1967, 380 F.2d 375; Hopkins v. Lockheed Aircraft Corp., 5 Cir., 1966, 358 F.2d 347, on certification, Fla., 1967, 201 So.2d 743, on receipt of answers to certification, 5 Cir., 1968, 394 F.2d 656; Green v. American Tobacco Co., 5 Cir., 1962, 304 F.2d 70, on rehearing, 304 F.2d 85, on certification, Fla. 1963, 154 So.2d 169, on receipt of answers to certification, 5 Cir., 1963, 325 F.2d 673, cert. denied, 1964, 377 U.S. 943, 84 S.Ct. 1349, 12 L.Ed.2d 306, on appeal after retrial, 391 F.2d 97, rehearing en banc denied, 1969, 409 F.2d 1166; Clay v. Sun Ins. Office, Ltd., 1960, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170, on certification upon remand, Fla., 1961, 133 So.2d 735, on receipt of answers to certification, 5 Cir., 1963, 319 F.2d 505, reversed, 1964, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229; cf. Barrett v. Atlantic Richfield Co., 5 Cir., 1971, 444 F.2d 38, demonstrating the awkwardness of abstention in the absence of a State certification procedure such as Florida's.

2. Also, we point out that Fla.Laws 1970, c. 70-148 (effective September 1, 1970) amended several relevant sections of the Workmen's Compensation Law. Whether these amendments have any significance for the present case is a problem to be decided by the Supreme Court of Florida.

ative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning said questions of law, based on the facts recited herein, pursuant to 25.-031, Florida Statutes, 1959, F.S.A., and Rule 4.61, Florida Appellate Rules, as follows:

### 1. Style of the Case

The style of the case in which this Certificate is made is Mrs. John W. Allen, Appellant, vs. The Estate of Charles Francis Carman, Mrs. Sylvia Carman, Executrix, and Ranger Insurance Company, Intervenor, as Appellees, being Case No. 30472, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Southern District of Florida.

### 2. Statement of Facts

In December 1967 Charles Francis Carman, a painting contractor, owned and operated the Glaze Coating Company from his home in Lithonia, Georgia. He employed John W. Allen as a painter.[3] On December 28, 1967, while both men were living and working in Georgia, Carman secured a workmen's compensation insurance policy written by the Hartford Accident and Indemnity Company and accepted by Carman in Georgia. This policy was in effect on August 26, 1968, the date of the airplane crash which is the subject of this suit.

In June 1968 Carman moved to Sarasota, Florida where he continued to operate his painting business. Allen also moved to Florida[4] and was working for Carman in Florida during the week immediately preceding the accident.[5] Al-

though Allen had previously driven his own truck to the job site at Live Oak, Florida from his home to Sarasota, upon returning to Sarasota he had left the truck with Mrs. Allen for repairs.

On August 26, 1968 an aircraft owned and operated by Carman and carrying Allen as its only other occupant crashed shortly after take off from the airport at Bradenton, Florida.[6] Both men were killed. At the time of the crash, in addition to the workmen's compensation policy, there was in effect an Aircraft Legal Liability Policy written by the Ranger Insurance Company covering Carman.

Shortly after the crash Mrs. Allen moved to her parents' home in North Carolina. Thereafter Hartford Accident and Indemnity Company made voluntary payments to her totaling approximately $4500 during the period December 12, 1968 to March 1970, at which time Mrs. Allen notified the company that she would not accept further payments. She retained all payments made up to that time. She never filed a claim with the Florida Industrial Commission for workmen's compensation benefits and neither requested nor received a hearing before the Commission. The Commission has made no award to Mrs. Allen.

On November 5, 1969 Mrs. Allen filed suit in the United States District Court for the Southern District of Florida for the wrongful death of her husband against the estate of Carman and his executrix, alleging that death was proximately caused by the negligence of Carman as pilot of the aircraft. Ranger Insurance Company intervened as a defendant and asserted as a defense the exclusivity of the workmen's compensation remedy as a bar to Mrs. Allen's wrongful death action. Ranger also defended on the additional ground that an

---

3. There is no evidence to indicate whether at this time Allen was Carman's only employee.

4. The parties differ as to whether Allen was domiciled in Florida or whether he merely resided there on a temporary or semipermanent basis.

5. It was stipulated that Allen was employed by Carman on August 26, 1968.

6. The evidence is sketchy as to whether the eventual termination point of the flight was to be the job site at Live Oak, some 200 miles distant, where Carman and Allen were then working.

"employee exclusion" provision [7] of its policy excluded coverage of Allen in any event. Its motion to add Hartford Accident and Indemnity Company as a party defendant was denied.

The plaintiff moved for partial summary judgment, claiming that the Florida Workmen's Compensation Law was inapplicable because Carman did not have a minimum of three employees and had posted no notice of an intention to cover an excluded employee as required by 15 F.S.A. § 440.04(2).[8] The plaintiff also contended that the "employee exclusion" provision of the Ranger policy was inapplicable because Allen was not within the scope of his employment [9] at the time of the accident, that the airplane transportation had been furnished as a matter of convenience rather than as part of the employment contract, and that the policy's definition of "passenger" did not exclude coverage of those employees who were neither pilot nor crew.

The defendants and intervenor also filed a motion for summary judgment, asserting that the exclusive remedy of workmen's compensation barred the suit under 15 F.S.A. § 440.11 and that § 440.04(3) [10] dispensed with the requirement that an employer post notice that he had waived his exemption not to come within the Workmen's Compensation Law.[11]

The District Court denied the plaintiff's motions but granted defendants' motion for summary judgment, and this appeal followed.

*3. Questions to be Certified*

1. (a) Under Florida law may an employer with only one employee invoke the defense of exclusivity of workmen's compensation?

(b) If the answer to (a) is in the affirmative, may the employer assert the defense of exclusivity of workmen's compensation when

(i) the employer has secured a valid workmen's compensation policy covering his one employee, but

(ii) when the employer has not posted notice of his intention to cover his one employee?

(c) If posting of notice is required for the defense of exclusivity, upon whom

---

7. "This policy does not apply:
 * * * * *
 5. Under coverages A, B or D to bodily injury, to sickness, disease or death of any employee of insured while engaged in the duties of his employment or to any obligation for which the insured or any company as his insuror may be held liable under the Workmen's Compensation Law."
 The policy's liability coverage extends to "passengers," defined as follows:
 "1. Passenger. The word 'passenger' means any person or persons while in, on or entering the aircraft for the purpose of riding or flying therein or alighting therefrom following a flight or attempted flight therein, excluding crew or pilots."

8. "440.04—Waiver of Exemption:
 * * * * *
 (2) Every employer having in his employment any employee not included in the definition "employee" or excluded or exempted from the operation of this chapter may at any time waive such exclusion or exemption and accept the provisions of this chapter by giving notice thereof as provided in § 440.05, and by so doing be as fully protected and covered by the pro-

visions of this chapter as if such exclusion or exemption had not been contained herein."

9. Plaintiff made the same contention under the Florida Compensation Act since only injuries/deaths "in the course of employment" are covered by § 440.03.

10. "(3) When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of 'employee' or whose services are not included in the definition of 'employment' or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person, notwithstanding the provision of § 440.05 with respect to notice."

11. "There was no proof that the § 440.04 (2) notice had been posted. By summary judgment the trial court simply treated this as immaterial.

does the burden of proof rest—employer or employee—to establish posting?

2. Assuming that the facts warrant a finding that the airplane was being used to transport Carman and Allen to the Live Oak job site or to some other job site or prospective job site, was Allen's death sustained in the course of his employment?[12]

3. In order for a workmen's compensation policy written in Georgia to be valid under the Florida Workmen's Compensation Law, need it be endorsed or otherwise approved by (i) the insurer, (ii) the Florida Industrial Commission or (iii) both?

4. Does the definition of "passenger" in the Ranger liability policy exclude coverage of those employees of the insured who are neither pilot nor crew?

The entire record in this case, together with copies of the briefs of the parties in this Court, are transmitted herewith.

---

12. "440.03 Application
   Every employer and every employee, unless otherwise specifically provided, shall be presumed to have accepted the provisions of this chapter, respectively to pay and accept compensation for injury or death, arising out of and in the course of employment, and shall be bound thereby, unless he shall have given prior to the injury, notice to the contrary as provided in § 440.05."