**In the Matter of CEDARS OF LEBANON HOSPITAL CORP., INC., et al., Debtors.**

**DADE COUNTY TAXING AUTHORITIES, Appellant,**

**v.**

**CEDARS OF LEBANON HOSPITAL CORP., INC., et al., Appellees.**

**No. 76–2397**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1977.

R. A. Cuevas, Jr., Asst. County Atty., Stuart Simon, County Atty., Miami, Fla., for appellant.

Frates, Floyd, Pearson, Stewart, Proenza & Richman, Alan G. Greer, Andrew J. Mirabito, Miami, Fla., for appellees.

Robert E. Venney, Miami, Fla., for Phil Revitz.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This appeal presents an important issue of Florida law which we believe is particularly appropriate for resolution by the Supreme Court of Florida. Thus, as we have in other significant Florida state law cases,[1]

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. *See, e. g., Gordon v. The John Deere Company,* 5 Cir., 1971, 451 F.2d 234, on certification, Fla., 1972, 264 So.2d 419 (1972), on receipt of answers to the certification, 5 Cir., 1972, 466 F.2d 1200; *National Education Association, Inc., v. Lee County Board of Public Instruction,* 5 Cir., 1971, 448 F.2d 451, on certification, Fla., 1972, 260 So.2d 206, on receipt of answers to certification, 5 Cir., 467 F.2d 447; *Allen v.*

we defer decision in the cause and certify the issue to the Supreme Court of Florida.

Following our practice, *see West v. Caterpillar Tractor Company, Inc.*, 5 Cir., 1974, 504 F.2d 967,[2] we requested that the parties submit a proposed agreed statement of the case and certificate of issues for a decision. The parties have agreed on the statement of the case and the issue certified.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1975, AND RULE 4.61, FLORIDA APPELLATE RULES

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

The resolution of this case turns on a question of Florida law, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. Pursuant to Section 25.031, Florida Statutes 1975, F.S.A., and Rule 4.61, Florida Appellate Rules, this Court therefore certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein:

### (1) *Style of the Case*

The style of the certified case is Dade County Taxing Authorities, plaintiff-appellant, v. Cedars of Lebanon Hospital Corp., Inc., defendants-appellees, Case No. 76–2397, United States Court of Appeals for the Fifth Circuit on appeal from the United States District Court for the Southern District of Florida.

### (2) *Statement of Facts*

In December, 1973, Cedars of Lebanon Hospital Corp., Inc. and its related corporate entities filed suit in Dade County Circuit Court seeking exemption from ad valorem taxes on properties adjacent to its existing hospital.

Five months later (in April, 1974) Cedars filed for Chapter XI rearrangement in federal bankruptcy court. The bankruptcy court thereupon enjoined further prosecution of all pending litigation, foreclosures, executions, etc. against Cedars. The local taxing authorities filed with the bankruptcy court proofs of claim totalling approximately $500,000 for 1973 and 1974 ad valorem taxes against Cedars and its related entities. They also moved the bankruptcy court for:

1. Leave to proceed with the pending state court tax cases; and

2. For a determination that the bankruptcy proceedings would not impair or diminish Cedars' liability for 1973 and 1974 ad valorem taxes or any liens therefor.

The bankruptcy court authorized the filing of an adversary proceeding before it to resolve the question of tax exemption on Cedars' property. An adversary proceeding was filed. After trial, the bankruptcy court entered a final judgment which exempted some of Cedars' property and upheld ad valorem taxes levied on the remainder thereof.

---

*Estate of Carman*, 5 Cir., 1971, 446 F.2d 1276; *Boyd v. Bowman*, 5 Cir., 1971, 443 F.2d 848, on certification, Fla., 1971, 256 So.2d 1 (1971); *A. R. Moyer, Inc. v. Graham*, 5 Cir., 1971, 443 F.2d 434; *Martinez v. Rodriques*, 5 Cir., 1968, 394 F.2d 156, on certification, Fla., 1968, 215 So.2d 305, on receipt of answers to certification, 5 Cir., 1969, 410 F.2d 729; *Life Ins. Co. of Va. v. Shifflet*, 5 Cir., 1967, 370 F.2d 555, on certification, Fla., 1967, 201 So.2d 743, on receipt of answers to certification, 5 Cir., 1968, 394 F.2d 656; *Green v. American Tobacco Co.*, 5 Cir., 1962, 304 F.2d 70, on rehearing, 304 F.2d 85, on certification, Fla., 1963, 154 So.2d 169, on receipt of answers to certification, 5 Cir., 1963, 325 F.2d 673, *cert. denied*, 1964, 377 U.S. 943, 84 S.Ct. 1351, 12 L.Ed.2d 306, on appeal after retrial, 5 Cir., 391 F.2d 97, rev'd on rehearing en banc, 1969, 5 Cir., 409 F.2d 1166.

**2.** *See also Allen v. Estate of Carman*, 5 Cir., 1971, 446 F.2d 1276; *Boyd v. Bowman*, 5 Cir., 1971, 443 F.2d 848.

The federal district court affirmed the bankruptcy court's final judgment. This appeal ensued.

This appeal is directed to the court's granting of tax exempt status to one particular parcel of Cedars' real property (the Care Center) for the 1974 tax year.

The Care Center was designed to be used as a minimum patient care facility adjacent to the acute care hospital. The purpose of the facility is to provide a limited care option for Cedars' patients who do not require the extensive services and greater cost of a regular acute-care hospital provided in the main hospital. Structurally it is a motel-type facility with wider than normal corridors. It includes 112 rooms with a nursing station on the ground floor. The rooms resemble a typical motel room in layout and amenities, except that the bathroom contains a locking medicine cabinet, an emergency call system connected to the nursing station and grab bars.

Construction of the Care Center was completed in mid-1973. The building was issued a certificate of occupancy in August, 1973. It was issued a hospital license by the State of Florida one month before the tax date.

The Care Center was not utilized as a minimum patient care facility on January 1, 1974. No patients were admitted to the Care Center during the calendar year 1974.

During 1974, the rooms in the Care Center were used on a number of occasions for nonpatient occupancy. Some rooms were rented to businessmen and salesmen during the period January through April, 1974. In addition, some rooms were used to house Secret Service personnel during a visit of former President Nixon to the hospital complex in March of 1974.

The local taxing authorities contended that the Care Center was not entitled to exemption for the 1974 tax year under Florida law as it was not actually used on the taxing date (or at any time during the tax year) for an exempt purpose.

Cedars contended that the intended future use to which the property will be put, in light of the fact that the property is designed for health care activity and that the terms of its FHA financing arrangement restrict it to such usage, is sufficient to qualify for an exemption.

The trial court accepted Cedars' position and exempted the Care Center. This Order was affirmed by the District Court and this appeal ensued.

### (3) Question to be Certified

Where the Care Center is designed and restricted to hospital usage is it entitled to exemption from ad valorem taxation prior to actual use as such?[3]

The entire record in this case, the Court's opinion, together with copies of the briefs of the parties, the letter directive, counsels' memoranda on certification, proposed certification with differences and all of the papers are transmitted herewith.

---

3. We repeat again what we often have said: "[T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved in the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts." *Martinez v. Rodriguez*, 5 Cir., 1968, 394 F.2d 156, 159, n. 6.