**Gerrold Duane DAVIS,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation,
Respondent-Appellee.**

No. 75–4335.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1977.

Charles H. Livingston (Court-appointed), Sarasota, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Miami, Fla., Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before BROWN, Chief Judge, GOD-BOLD, Circuit Judge, and MEHRTENS *, District Judge.

JOHN R. BROWN, Chief Judge:

This case comes before this Court on a petition for habeas corpus filed by a prison-er in state custody. The claim was that he was denied a Florida speedy trial and that failure of his court-appointed counsel to raise this was a denial of effective counsel. Because we hold that the issues raised by the prisoner do not rise to the level of constitutional violation we affirm the denial of habeas by the District Court.

The following statement of facts is adopted in large part from the order of the District Court.

Petitioner Gerrold D. Davis, a/k/a Max Knublett, was arrested in Orlando, Orange County, Florida on March 20, 1972. At the time of his arrest there were outstanding John Doe warrants for his arrest issued from Lee County, Florida, and Sarasota County, Florida.

On March 22, 1972, Davis was transported to Lee County. The Lee County informations against Davis charged him with two counts of robbery. Shortly after his arrest and transfer to Lee County, Davis was informed of the outstanding warrants from Sarasota County. Davis attempted to secure his release on bail in the Lee County cases, but was informed that a hold had been placed against him from Sarasota. It does not appear that a formal detainer was lodged against Davis. However, from the deposition of a Sarasota County Sheriff, the record shows that the Sarasota officials were informed of Davis' arrest, and on that date the Sarasota complainant was taken to Lee County to identify Davis.

On June 5, 1972 Davis pleaded guilty to the Lee County informations. At that time he was represented by a Public Defender. Davis was sentenced to concurrent five year terms on the Lee County informations and does not here challenge his convictions in Lee County.

Thereafter, on June 15, 1972 Davis was transported to Sarasota County. On July 26, 1972 the relevant informations were filed against him in Sarasota County.

On August 20, 1972 Davis was arraigned in Sarasota Circuit Court on charges of robbery, possession of a firearm while en-

---

* Senior District Judge for the Southern District of Florida, sitting by designation.

gaged in a criminal activity, and assault with intent to commit rape. A Public Defender was appointed to represent him. At the time of the arraignment the state's attorney informed the Court that Davis had been arrested on the Sarasota County charges on June 15, 1972. It appears that counsel for Davis neither concurred nor objected to the date of arrest as indicated by the state, and the Court in accordance with the Florida Speedy Trial Rule, Fla.R.Crim. Pro. 3.191[1], set the deadline for trial as December 12, 1972. Counsel for Davis specifically did not waive speedy trial at arraignment.

Thereafter Davis informed his counsel of his arrest March 20, 1972, and inquired as to raising a defense of speedy trial. There is no indication that this defense was raised in the state court. On October 31, 1972 Davis pleaded guilty to the Sarasota informations. On December 7, 1972 he was sentenced to concurrent fifteen year terms on the assault and robbery charges, and to life imprisonment on the robbery charge. On appeal, the Florida Second District Court of Appeals vacated the sentence for firearm possession, but affirmed in all other respects.

In this appeal Davis asserts two claims. First, that he was denied effective assistance of counsel when more than 180 days after his arrest, but before trial, his lawyer failed to move for a dismissal of the charges for lack of a speedy trial under the Florida act; and secondly, that his plea of guilty was not knowingly and voluntarily made.

Subsequent to Davis' plea and sentencing the Florida courts have examined the speedy trial statute and have reached conflicting results on when it begins to run if a person is in custody for one charge, has a detainer filed for a second charge in another jurisdiction, and is not arrested for the second charge until the resolution of the first.

In *State v. Sutton*, 269 So.2d 712 (Fla. App.1972), the Second District Court of Appeals held that the 180 day period begins to run from the time the detainer is filed. Thus under *Sutton*, Davis would be released for failure of the state to comply with the speedy trial act. The Court of Appeals for the First District of Florida reached a contrary result in *Williams v. Eastmoore*, 297 So.2d 572 (Fla.App.1974). There it was held that the 180 day period does not begin to run until the person is arrested on the charges which are the subject of the dispute. The First District Court of Appeals held that ". . . a detainer does not operate to place the person against whom it is issued in custody as a result of the conduct which gives rise to the detainer. . . ." They were aware of the conflict with *Sutton*, but refused to follow the decisions of their sister court. Until the Florida Supreme Court resolves the conflict, attorneys will not know how best to advise their clients regarding the speedy trial act.

■ This Court has considered use of the Florida certification process to resolve the conflict in the Florida district courts before

1.           Rule 3.191.   Speedy Trial

*(a)(1). Speedy Trial Without Demand.* Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established

by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for conviction of an unrelated crime, the operation of this section shall not be effective until such person is no longer confined. This section shall case to apply whenever a person files a demand for speedy trial under § (a)(2).

passing on the merits of this case.[2] Our serious consideration of this resolution is the strongest evidence that the law in Florida is unsettled. If we have to go to the Supreme Court of Florida to find out what the law is, it would be ironic—to put it mildly—for us in the high name of the Constitution to require of counsel a greater foresight than certification could allow. Nor does effectiveness of counsel require an imaginative assertion of every possible theory of defense or mitigation which might in the unpredictable future turn out to be accepted by some court some day in some case. The record reveals that counsel for Davis investigated the 180 day rule but concluded that it did not apply to his case. That the attorney may have reached a conclusion not adhered to by the Second District Court of Appeals but perfectly acceptable in the First District Court of Appeals, on hindsight, does not render his assistance ineffective.

But there is a more basic reason compelling us to affirm the District Court's denial of habeas.

Federal courts review by habeas corpus errors of constitutional dimension.[3] In this case we are asked to examine a Florida procedural rule. Nowhere in the United States Constitution is there found a right to be brought to trial within 180 days. Although there is a right to a "speedy" trial found in the Sixth Amendment this right is "a more vague concept than other procedural rights." *Barker v. Wingo,* 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972). In *Barker* the Supreme Court identified some of the factors to be considered in determining whether there had been a denial of a speedy trial. Length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant were the guidelines set by the Court. Weighing all these factors, this Court is of the opinion that Davis has failed to establish a denial of his constitutional right to a speedy trial. While he may have shown a denial of the Florida guarantee to be tried in 180 days, if he could count on one state court of appeals rather than another, this is merely a violation of a state procedural rule which does not in any way go to the fundamental fairness of the trial. As such it is not reviewable by the Federal Courts on a petition for habeas.

Seeking to circumvent this principle, Davis has added a new twist by contending that the failure of his attorney to advise him of the application of the rule in his case rendered his counsel ineffective and thereby denied him not only the right to a speedy trial but the right to effective assistance of counsel as well. Our examination of the facts and the law set out above convince us that this contention is meritless.

Finally, Davis contends that his plea of guilty was involuntary. He asserts that the plea was entered because his counsel advised him that the state's case was strong

**2.** *See, e. g., Gordon v. John Deere Company,* 5 Cir., 1971, 451 F.2d 234, on certification, Fla., 1972, 264 So.2d 419, on receipt of answers to the certification, 5 Cir., 1972, 466 F.2d 1200; *National Education Association, Inc., v. Lee County Board of Public Instruction,* 5 Cir., 1971, 448 F.2d 451, on certification, Fla., 1972, 260 So.2d 206, on receipt of answers to certification, 5 Cir., 1972, 467 F.2d 447; *Allen v. Estate of Carman,* 5 Cir., 1971, 446 F.2d 1276; *Boyd v. Bowman,* 5 Cir. 1971, 443 F.2d 848, on certification, Fla., 1971, 256 So.2d 1; *A. R. Moyer, Inc. v. Graham,* 5 Cir., 1971, 443 F.2d 434; *Martinez v. Rodriques,* 5 Cir., 1968, 394 F.2d 156, on certification, Fla., 1968, 215 So.2d 305, on receipt of answers to certification, 5 Cir., 1969, 410 F.2d 729; *Life Ins. Co. of Va. v. Shifflet,* 5 Cir., 1967, 370 F.2d 555, on certification, Fla., 1967, 201 So.2d 743, on receipt of answers to certification, 5 Cir., 1968, 394 F.2d

656; *Green v. American Tobacco Co.,* 5 Cir., 1962, 304 F.2d 70, on rehearing, 304 F.2d 85, on certification, Fla.1963, 154 So.2d 169, on receipt of answers to certification, 5 Cir., 1963, 325 F.2d 673, *cert. denied,* 1964, 377 U.S. 943, 84 S.Ct. 1349, 12 L.Ed.2d 306, on appeal after retrial, 5 Cir., 391 F.2d 97, rev'd. on rehearing en banc, 5 Cir., 1969, 409 F.2d 1166.

**3.** 28 U.S.C.A. § 2254(a) provides

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

and would almost certainly result in a conviction. If he entered a plea he would likely receive a lighter sentence since the state would be spared the expense of a trial. Davis also asserts that he was not specifically advised by the court at the time of the plea that he was waiving his rights against self-incrimination, to a jury trial, and to confront his accusers, a violation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968). The record shows that before accepting the guilty plea the trial judge asked Davis whether it was knowingly and voluntarily made. The Court further inquired whether his attorney had discussed possible defenses and whether Davis was satisfied that the attorney had represented him to the best of his ability. Davis responded yes to all the questions of the Court, including the question, "Are you entering this plea of guilty for no other reason than that you are guilty?"

The record shows that counsel for Davis conferred with him, investigated his case and discussed the possible sentences. There was no plea bargain to induce an involuntary plea. Even if we accept Davis' allegation that the Court failed to advise him specifically of all of the rights he waived in pleading guilty, that failure does not of itself render the plea involuntary. *United States v. Frontero*, 5 Cir., 1971, 452 F.2d 406; *McChesney v. Henderson*, 5 Cir., 1973, 482 F.2d 1101.

The Court is of the opinion that Davis has failed to show that the plea was anything but a voluntary, knowledgeable plea of guilty.

AFFIRMED.