DADE COUNTY TAXING AUTHORI-TIES, Appellant,

v.

CEDARS OF LEBANON HOSPITAL CORP., INC., et al., Appellees.

No. 76–2397
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 15, 1978.

---

**1324**

R. A. Cuevas, Jr., Asst. County Atty., Stuart L. Simon, County Atty., Miami, Fla., for appellant.

Frates, Floyd, Pearson, Stewart, Proenza & Richman, Alan G. Greer, Andrew J. Mirabito, Robert E. Venney, Miami, Fla., for Phil Revitz.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is another example of the merits of being able to ask a state court for an authoritative interpretation of state law—this time in a bankruptcy, not a diversity, situation.

A bankruptcy court exempted from ad valorem taxes some of the property of Cedars of Lebanon Hospital Corp., Inc., which had filed for Chapter XI reorganization. A federal District Court affirmed the judgment, and an appeal ensued on the Court's granting tax exempt status to the Care Center, a part of Cedar's real property, for the 1974 tax year. Since the tax exempt status was a question of state law on which there was no reliable indicator of the Florida position, we certified the question to the Florida Supreme Court. *Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corp.*, 5 Cir., 1977, 546 F.2d 63. In a detailed opinion responding to our question, the Supreme Court concluded:

> The Care Center which, as of January 1, 1974, was designed for and restricted to hospital usage, but was not in actual use

for hospital purposes, was not entitled to exemption from ad valorem taxation for the year 1974.

*Dade County Taxing Authorities v. Cedars of Lebanon Hospital Corp.*, Fla., 1978, 355 So.2d 1202, 1204.

All parties now agree that no federal issues are left for review. Thus, in accordance with the Florida Supreme Court's holding, we reverse the District Court's judgment and remand for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.