Howard A. Zeller, J.
This automobile negligence action presents a conflict of laws problem. Infant plaintiff sues for personal injuries, his father for lost services and medical expenses.
The accident occurred on September 29, 1969 in the State of Georgia. Infant plaintiff Bruce A. Hancock was a passenger in defendant Holland’s auto; another passenger was one Hellyar. Hancock and Hellyar had been given a ride by Holland near Savannah, Georgia and they were en route to a place near Macon, Georgia. Plaintiffs claim Holland’s high rate of speed and loss of control caused his auto to cross the center line of the highway and strike a vehicle approaching from the opposite direction which was being driven by Mr. McAfee whose wife was a passenger.
Hellyar was killed; Hancock, Mr. and Mrs. McAfee and Holland were injured.
Defendant Holland was a resident of Georgia, his auto was registered there and he had a Georgia driver’s license. Plaintiff William S. Hancock resides in New York State. Plaintiff Bruce A. Hancock was a domiciliary of New York State in military service at Fort Benning, Georgia. Hellyar was also in the armed forces and stationed at Fort Benning. Mr. McAfee’s auto was registered in Georgia and he had a Georgia driver’s license. His address was Charleston Navy Base, South Carolina and his wife had a Charleston, South Carolina address but their domicile is uncertain. Suit has been instituted by Mr. and Mrs. McAfee against Holland for personal injuries and property damage in Superior Court in Fulton County, Georgia.
*812 Defendant Holland had an automobile liability policy issued by Allstate Insurance Company, an Illinois corporation, doing business in Georgia and licensed to do business in New York State by the New York State Department of Insurance and doing-business here.
Service of the summons and complaint in this action was obtained by an order of attachment served upon Allstate Insurance Company in this State attaching the contractual obligation of Allstate to defend and indemnify defendant Holland and by personally serving defendant Holland in Georgia.
Defendant Holland asserts as an affirmative defense Georgia’s “ guest statute ” which permits recovery by a guest passenger only upon proof of gross or willful negligence. Plaintiffs Hancock have moved to dismiss this defense upon the ground that it has no merit (CPLE 3211, subd. [b]), claiming New York law rather than Georgia’s should be applied.
Plaintiffs Hancock rely upon Tooker v. Lopez (24 NY 2d 569). The facts there differ from this case. In Tooher, plaintiff’s intestate, the driver of the auto in which she was a nonpaying passenger and the defendant owner of the auto were all residents of New York State. The auto was registered and insured in New York. Under those circumstances, it was held that the “ guest statute ” of Michigan, where the one car accident happened, should not be applied.
The New York Court of Appeals has rejected the once traditional lex loci delicti rule in automobile accident cases (Babcock v. Jackson, 12 N Y 2d 473). Its- replacement is being evolved and at different stages the underlying concept has been referred to as “ grouping of contacts ” or “ center of gravity ” (Babcock v. Jackson, supra, p. 481) and “ interest analysis ”. (Miller v. Miller, 22 N Y 2d 12, 25.) The rule presently existing will not always result in application of New York law when a New York domiciliary is injured in an out-of-State accident. (Tooker v. Lopez, supra, p. 585.)
One present choice-of-law rule requires the issue to be isolated, the policies embraced in the laws in conflict to be identified and the contacts of the respective jurisdictions to be examined to ascertain which State has a superior connection with the occurrence and a superior interest in having its law applied. (Tooker v. Lopez, supra, p. 574; Dym v. Gordon, 16 N Y 2d 120, 124.)
The issue on this motion is whether a Georgia driver must be found willfully or grossly negligent before a guest in his auto who is a New York resident may reeovér damages in this State for injuries received in Georgia in an auto accident involving two vehicles registered in Georgia.
*813 The policy in New York is that a negligent driver should be able to respond in damages to an injured person, be he guest, pedestrian or other driver, provided the injured person is free from negligence. Georgia’s policy is to give some preference to injured nonguests by requiring guests to prove gross or willful negligence before permitting guests to partake in the assets of the host-driver. Each State has an interest in having its law applied to accidents involving automobiles registered under its laws.
The two autos involved in the accident were registered in Georgia; defendant Holland was domiciled in Georgia and had his auto registered and insured there; the McAfee auto was registered in Georgia; the McAfees have a lawsuit pending in Georgia against Holland; the accident happened while plaintiff Hancock and defendant Holland were on a trip within the borders of Georgia. Georgia simply has a superior connection with this particular accident and a superior interest in having its law applied.
This result is neither inconsistent with the conclusion in my unpublished opinion at Special Term in Tooker v. Lopez that New York law should apply nor with the reasoning and decision of the majority of the Court of Appeals Judges in Tooker v. Lopez. In my view, the factual differences between the two cases explain the different results. Plaintiff’s intestate in Tooker and infant plaintiff Hancock in this action were both domiciled in New York at the time of the respective accidents. The New York domicile of each is the only pertinent fact which is the same; all other facts bearing upon the choice-of-law issue differ in the two cases.
Chief Judge Fulo, in his concurring opinion in Tooker v. Lopez (supra, p. 585) anticipated the factual situation in this lawsuit and wrote: “ When the driver’s conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim’s domicile ”.
Plaintiffs’ motion to dismiss the affirmative defense should be denied.