**Donna PRYOR, Plaintiff-Appellant,**

v.

**Clarence SWARNER and Margaret Swarner, Defendants-Appellees.**

**No. 819, Docket 35515.**

United States Court of Appeals, Second Circuit.

Argued May 10, 1971.

Decided June 28, 1971.

James A. Garvey, Garvey, Magner & Sullivan, Buffalo, N. Y., for plaintiff-appellant.

Gerald Bouvier, Miller, Bouvier, O'Connor & Ceglielski, Buffalo, N. Y., for defendants-appellees.

Before FRIENDLY, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

WATERMAN, Circuit Judge:

On July 20, 1968, the plaintiff, Donna Pryor, was a passenger in an automobile owned by her sister, Margaret Swarner, and operated by Clarence Swarner, her sister's husband. On that day, at Exit No. 10 of the Ohio Turnpike in Cuyahoga County, Ohio, the Swarner automobile in which plaintiff was a passenger struck the rear end of another automobile, and plaintiff suffered the injuries which form the basis of the present litigation.

Plaintiff was alleged to be at all times a resident of the State of New York. The defendants were residents of Florida, and the automobile in question was registered and insured for liability in Florida. A few days before the accident the Swarners had been on vacation in Wisconsin when they learned of the death of a relative in Buffalo, New York. After talking with other relatives in Buffalo, they agreed to pick up the plaintiff at her summer cottage in Ohio and take her to the funeral. The Swarners had planned to continue their vacation after the funeral and offered to return the plaintiff to Ohio. It was on this return trip that the accident occurred.

This action was commenced by plaintiff against her sister and brother-in-law in the New York Supreme Court, and, the defendants' insurer being suable in New York, *quasi in rem* jurisdiction was accomplished by attachment of the insurance policy obligation to defend and indemnify running from defendants' insurer to defendants, under the doctrine set forth in Seider v. Roth, 17 N. Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966). Defendants, setting forth the diversity of citizenship of the parties, petitioned for removal of the action to the United States District Court for the Western District of New York, and the case was subsequently removed to that court. In their answer, the defendants raised several defenses, including the defense that the Ohio automobile guest statute[1] barred the present action inasmuch as plaintiff had not alleged wilful and wanton negligence by the de-

---

1. Ohio Revised Code § 4515.02.

fendants. This affirmative defense was subsequently made the basis of a motion to dismiss the complaint for failure to state a cause of action. Following the argument on this motion, the district judge held that Ohio law applied to the facts of this case, and, as the complaint failed to state a cause of action under Ohio law, he dismissed the complaint. Plaintiff appeals from the judgment entered upon this holding.

It is evident that here we are faced with a classic law school examination question on conflict of laws. Plaintiff argues that New York, which does not have an automobile guest statute, would apply its own internal law [2] to the question of whether allegation and proof of wilful and wanton negligence is required for recovery. Defendants argue that either Ohio or Florida law [3] is applicable, for both have automobile guest statutes which would bar plaintiff from recovering upon her present complaint.

The parties fully agree on the initial steps of the analysis to be made. Under the doctrine of Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the federal courts must apply the conflict-of-laws rules of the forum state, in this case New York. On the specific issue before us, the duty of care of the driver of an automobile to a passenger, there also is no dispute that the decision in Tooker v. Lopez, 24 N.Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969), which is the culmination of a series of cases before the New York Court of Appeals, is the most recent and authoritative decision by that

court. However, the parties disagree as to how Tooker v. Lopez is to be applied to this case.

In *Tooker* the New York Court of Appeals adopted an "interest analysis," see R. Cramton and D. Currie, Conflict of Laws, 208–334 (West 1968), in holding that New York internal law would be applied in determining the duty of a New York driver to a New York passenger where the automobile was registered and insured in New York, although the accident occurred in Michigan. This holding was premised on a finding that the purpose of automobile guest statutes is to protect insurers from collusive suits between guests and hosts, or to protect local automobile owners, and that, inasmuch as New York does not grant New York motor vehicle liability insurers or owners such protection, a New York passenger should be allowed to recover against a New York insured, regardless of where the accident occurred, upon proof of no more than mere negligence on the part of the New York insured defendant, that standard of care being New York's standard of care. The majority opinion in *Tooker* outlined the series of previous cases in which attempts had been made to arrive at a coherent approach to the developing New York conflicts law, and concluded, at least insofar as the question of out-of-state guest statutes is concerned, that an "interest analysis" provided the most "rational and just" approach.[4] We therefore assume that the New York Court of Appeals would follow the Tooker v. Lopez approach if our case were presented for adjudication there.

---

2. The "internal" law of a state is that law which would be applied to a purely domestic case without conflicts complications. R. Cramton & D. Currie, Conflict of Laws 63 (West 1968). This is in contrast to the "whole" law of a state which is referred to when the doctrine of renvoi is employed. The internal law of a state sometimes is referred to as the "municipal" law of the state. See Hammel v. Little, 66 App.D.C. 356, 87 F.2d 907, 910 (1936). All references to the law of Ohio and Florida in this case will be to the "internal" law of those states.

3. Florida Statute § 320.59.

4. This series of cases began with the rejection of traditional choice of law principles in Auten v. Auten, 308 N.Y. 155, 124 N.E.2d 99 (1954). With reference to the divers positions taken since *Auten*, it has been said that "the [New York] Court of Appeals has hopped frenetically from one theory to another like an overheated jumping bean." Cramton & Currie, *supra* at 258–259.

We first eliminate some of the extraneous factors in the case. The Ohio accident was a two-car collision, and the second car involved was from Tennessee. However, there appear to have been no injuries suffered by the Tennessee residents who were occupants of the second car, and we have not been informed that any lawsuit has arisen out of the involvement of that vehicle. In *Tooker,* the court in discussing Macey v. Rozbicki, 18 N.Y.2d 289, 274 N.Y.S.2d 591, 221 N.E.2d 380 (1966), and in rejecting the rationale of Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965), concluded that the presence of third-party "non-guests" was irrelevant to the application of a state's guest statute, at least where the guest statute allows recovery for gross negligence. 24 N.Y.2d at 574–575, 301 N.Y.S.2d at 523–524, 249 N.E.2d at 397–398. Likewise, we conclude that the residence of the passengers in the second car, or even the fact that there was a second car, is irrelevant to the choice of laws which the New York courts would make in this case. Thus, the only states with any "interest" in applying their law to this case are New York, Ohio, and Florida. Inasmuch as Ohio and Florida have similar guest statutes, the sole question necessary for our decision is whether New York would apply its own internal law in this case.

The *Tooker* court also concluded that the locus or origin of the guest-host relationship is irrelevant and reaffirmed its prior rejection of the relevancy of the fictional "expectation of the parties." 24 N.Y.2d at 577, 301 N.Y.S.2d at 525–526, 209 N.E.2d at 398–399. Thus, we assume that the New York Court of Appeals would consider the following factors to be most relevant in analyzing the interests of the various states in this case: the domicile of the parties, the place where the car is registered and insured, and the site of the accident. In *Tooker* all these factors, except for the site of the accident, pointed to New York. Here, on the other hand, the only connection with New York is that plaintiff Pryor is a New York resident. Therefore, we are faced with the prospect of considering the interests of New York, Ohio, and Florida under a combination of the above factors different from those in *Tooker.*

Chief Judge Fuld, in his concurring opinion in *Tooker,* sheds some light on the possible results New York would reach when some of the factors are varied from those in *Tooker.* Under his first principle, if the guest and host are domiciled in the same state and the car is registered there, too, the internal law of that state would apply to determine the standard of care which the host owes to his guest. Thus, if the Swarners had been New York residents and the car had been registered in New York (the actual facts in *Tooker*), New York law would apply. If plaintiff Pryor had been a Florida resident, New York would hold that Florida internal law would apply for Florida has chosen to protect its residents and their insurers at the expense of possible plaintiffs, and no other state would have an interest in giving recovery to a Florida plaintiff. Both of the hypotheticals covered by Judge Fuld's first principle relate to what has been termed "false conflicts," see Cramton & Currie *supra,* at 236 et seq., as there is no real conflict between states with reference to the policy to be applied on sets of facts like these. And although the majority opinion in *Tooker* does not deal with the second hypothetical under Judge Fuld's first principle, we entertain little doubt that, under the principles the majority enunciated in that opinion, the New York Court of Appeals would apply Florida law if plaintiff Pryor had been a Florida domiciliary. 24 N.Y.2d at 580–583, 301 N.Y.S.2d at 528–531, 249 N.E.2d at 400–403.

Judge Fuld's second principle sets forth a resolution of two more difficult hypotheticals. Under this second principle if "the driver's conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he [would] not be held liable by reason of the fact that liability would be

imposed upon him under the tort law of the state of the victim's domicile." Under this formulation, New York would apply Florida law if the present accident had occurred in Florida, even though plaintiff Pryor is a New York domiciliary.[5] Conversely, "when the guest was injured in the state of his own domicile and its law permits recovery, the driver who has come into the state [would] not —in the absence of special circumstances—be permitted to interpose the law of his state as a defense." Thus, if the present accident had occurred in New York, Judge Fuld would hold that the plaintiff Pryor had stated a cause of action. This last hypothetical intimates that the place where the car is registered and insured may not always be controlling, and that the site of the accident may, in some instances, be determinative.[6] In essence, in order to resolve these two cases of "true conflicts," Judge Fuld has adopted "principles of preference" similar to those advocated by Professor David Cavers.[7] Whether the majority of the New York Court of Appeals would follow Judge Fuld's approach is not indicated by the majority opinion in *Tooker,* and we must treat the suggested results of the Chief Judge's hypotheticals only as a slender indication of what that court might do when confronted with actual cases falling within the scope of his "interest analyses."

Judge Fuld's last category encompasses all those hypotheticals not included within his first two principles. For these cases "the applicable rule of decision will be that of the state where the

accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." The defendants in this case have, of course, seized upon the main clause in the above formulation, whereas the plaintiff has seized upon the qualifying, "but not if," clause. Nevertheless, we again note that Judge Fuld did not write the majority opinion in *Tooker,* and although the *Tooker* court was given the opportunity to pass on the result which might be reached if the second passenger in the Lopez car, a Michigan resident, had sued in the New York courts, the court majority declined to do so. Despite prodding by the dissenters, the majority opinion stated:

> Under the reasoning adopted here, it is not at all clear that Michigan law would govern (Gaither v. Myers, [131 U.S.App.D.C. 216], 404 F.2d 216, 224). We do not, however, find it necessary or desirable to conclusively resolve a question which is not now before us. 24 N.Y.2d at 580, 301 N.Y.S.2d at 528, 249 N.E.2d at 400.

Thus, we are left to speculate as to the result the New York Court of Appeals might reach in still another hypothetical.

■ Therefore, we turn to basic doctrines and apply afresh the "interest analysis" espoused by the court in *Tooker,* and, in so doing, we look at the interests of New York, Ohio, and Florida in the instant accident. New York has adopted a policy of allowing its resi-

---

5. Indeed, this is the very result reached in Hancock v. Holland, 63 Misc.2d 811, 313 N.Y.S.2d 455 (1970), where the accident occurred in Georgia, the driver-host was a Georgia resident, and the car was registered and insured in Georgia. Plaintiff was a New York resident who urged that the Georgia guest statute should not be applied. The New York trial judge applied Judge Fuld's second principle in barring recovery.

6. Thus, if all the present facts were constant except for the site of the accident,

liability would differ depending upon whether the accident occurred in New York or in Florida.

7. D. Cavers, The Choice-of-Law Process, 121 et seq. (1965). Professor Cavers is cited with approval by the majority in *Tooker,* 301 N.Y.S.2d at 526, 249 N.E.2d at 399. See also D. Cavers, Cipolla and Conflicts Justice, 9 Duquesne L.Rev. 360 (1971), discussing Cipolla v. Shaposka, 439 Pa. 563, 267 A.2d 854 (1970).

dent[8] plaintiff-guests to recover against their hosts on the basis of mere negligence, at least where the defendant-host carries mandatory motor-vehicle liability insurance whose premiums are calculated with this potential risk taken into account.[9] 24 N.Y.2d at 576, 578, 301 N.Y.S.2d at 525, 526, 249 N.E. 2d at 398, 399. Florida has made the opposite policy decision and has granted driver-hosts (and derivatively their insurers) protection from suit by passengers except for the gross negligence of defendant-hosts. As emphasized in *Tooker*, one of the major purposes of such a state policy is the protection of the insurers against collusive suits.[10] Indeed, the role in this area played by automobile liability insurance corporations is highlighted in this case by the fact that the plaintiff here obtained New York State jurisdiction by attachment of this insurance company's obligation to defend and indemnify the Swarners to the extent of their coverage. We think that we can safely assume that the Swarners' insurance premiums were calculated with Florida's guest statute in mind. Thus, Florida has a strong interest in protecting its insurer in the present case. Finally, Ohio, the situs of the accident, has adopted the same policy as Florida. While none of the parties or the insurer are within the class of persons whom Ohio seeks to protect, the invitation was extended in Ohio, this accident occurred there, and Ohio's restrictive policy rests not merely on protecting its insurers but on a theory that it is "ungrateful" for a guest to seek recovery for mere negligence.

If the New York Court of Appeals should adopt Chief Judge Fuld's third principle, and the qualifying clause therein is given a restrictive interpretation, it may well be that that court would apply the law of Ohio here even if the defendants came from a third state without a guest statute. But that is a question we are not required to decide.[11] Here the application of New York internal law would also violate Florida's policy of protecting its residents and their insurers. Inasmuch as Ohio and Florida law coincide, we are not obliged to determine what New York would do if its law conflicted with only one. We only need to decide that the New York courts would not apply New York's own internal law to allow recovery by the plaintiff against the common policy of the *lex loci* and the state where the defendants reside and obtained insurance. In light of the foregoing discussion, we are quite sure that they would not do so.

The judgment dismissing the action is affirmed.

8. Inasmuch as the court in *Tooker* left open the possibility of recovery by the Michigan passenger in the same accident, it may also be that New York's state policy would allow recovery by a non-resident plaintiff from a New York host who was only guilty of non-gross negligence in the case of an accident occurring in the state of the plaintiff's residence although that state had a "guest statute."

9. While it may well be that the New York Court of Appeals would have reached the same decision in *Tooker* even if New York did not require mandatory insurance of New York drivers, we cannot ignore the fact that New York does require such insurance and that the *Tooker* court deemed this fact important enough to mention it in the court's analysis. We should not prophesy the future course of New York law in this area and so we leave to the New York Court of Appeals for future determination its position when confronted with a situation in which a defendant-driver may not be covered by insurance; we do no more than note that Chief Judge Fuld's second principle does not depend upon the existence of state-imposed mandatory insurance.

10. See also 3 Florida Jurisprudence, Automobiles, § 113.

11. Likewise, because of the facts in this case, we do not need to decide whether New York would withhold protection from a resident of a state having a guest statute and from his insurer where the accident occurred in New York.