Maria CHILA, Plaintiff,

v.

Theresa OWENS and Ronald Irving, an infant over the age of 14 years, Defendants.

No. 71 Civ. 1816.

United States District Court,
S. D. New York.

Oct. 5, 1972.

Joseph Kelner, New York City, for plaintiff; Theodore H. Rosenblatt, New York City, of counsel.

Leahey & Johnson, New York City, for defendants; Peter James Johnson, Asher Marcus, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The New York State Court of Appeals has blazed new trails in choice-in-law

rules in guest-host negligence suits [1] where the *lex loci delictus* is in conflict with that of New York State. The various guest-host cases considered by the Court of Appeals in its new approach have been "particularly troublesome," [2] and, as readily acknowledged by its distinguished Chief Judge, "have not featured consistency." [3] This case presents still another variant of choice-of-law problems, which appear not to have been definitively resolved by New York's highest court, although some direction as to result is afforded by its very recent decision in Neumeier v. Kuehner, [4] discussed hereinafter.

Plaintiff, Maria Chila, is a domiciliary of New Jersey. The defendant Ronald Irving is a domiciliary of New York. Both were students at the University of Dayton, Ohio, where plaintiff, while a passenger in a car driven by Irving in Dayton, was injured on September 20, 1969, when it went out of control and collided with a parked car and structures. The car was owned by Theresa Owens, also a New York domiciliary; was registered, principally garaged and presumably insured in New York State. The plaintiff commenced this action against Irving and Owens to recover damages for the injuries sustained by her. Jurisdiction is based upon diversity of citizenship. [5]

The defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment in their favor on the ground that upon its face the plaintiff's complaint does not state a claim upon which relief can be granted, since the Ohio Guest Statute [6] bars recovery except in the case of willful or wanton misconduct, and the complaint contains no such allegation. The plaintiff cross-moves for judgment dismissing the affirmative defense which set up the Ohio Guest Statute on the ground that upon the facts it is not applicable.

■ This court, under Klaxon Co. v. Stentor Electric Manufacturing Co., [7] is bound to apply conflict of laws rules of New York, the forum state. Plaintiff contends that New York, absent an automobile guest statute, would apply its own internal law in deciding whether an allegation and proof of willful and wanton misconduct is essential to a recovery. [8] The defendants, contrariwise, argue that since the accident occurred in Ohio and plaintiff is not a New York domiciliary, New York would apply Ohio internal law and bar recovery. Since no case on all fours with the facts in the instant case has been decided by the New York Court of Appeals, or, for that matter, by any New York court as far as independent research reveals, this court must project what the New York Court would decide were it called upon to make a determination. [9] Whatever doubt may have been engendered by the various New York decisions which applied or displaced the guest statute of the state where the accident occurred has been somewhat dispelled by the ruling in Neumeier v. Kuehner, *su-*

1. *See* Tooker v. Lopez, 24 N.Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969); Macey v. Rozbicki, 18 N.Y.2d 289, 274 N.Y.S.2d 591, 221 N.E.2d 380, (1966); Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965); Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). *See also* Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S. 2d 133, 172 N.E.2d 526 (1961).

2. Tooker v. Lopez, 24 N.Y.2d 569, 572, 301 N.Y.S.2d 519, 521, 249 N.E.2d 394, 395 (1969).

3. *Id.* at 584, 301 N.Y.S.2d at 531, 249 N.E.2d at 403.

4. 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972).

5. 28 U.S.C. § 1332.

6. Ohio Rev. Code Ann. § 4515.02.

7. 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

8. Plaintiff also asserts that, in the alternative, the New York Court would look to New Jersey internal law to decide this issue.

9. *See* Nolan v. Transocean Air Lines, 276 F.2d 280, 281 (2d Cir. 1960), vacated on other grounds, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed.2d 571 (1961).

*pra.* There, in an effort to achieve consistency in the choice-of-law process arising under guest-host conflicts, Chief Judge Fuld adverted to principles previously advocated by him in his concurrence in Tooker v. Lopez, 24 N.Y.2d 569, 585, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969), and which now were accepted by a majority of the court. These were:

> " '1. When the guest-passenger and the host-driver are domiciled in the same state, and the car is there registered, the law of that state should control and determine the standard of care which the host owes to his guest.

> " '2. When the driver's conduct occurred in the state of his domicile and that state does not cast him in liability for that conduct, he should not be held liable by reason of the fact that liability would be imposed upon him under the tort law of the state of the victim's domicile. Conversely, when the guest was injured in the state of his own domicile and its law permits recovery, the driver who has come into that state should not—in the absence of special circumstances—be permitted to interpose the law of his state as a defense.

> " '3. In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants. . . .' " [10]

Since plaintiff and defendants are domiciliaries of different states, this case, just as in the instance of *Neu-*

*meier,* falls within the third principle and upon its face requires the application of Ohio law unless it appears that "displacing [the] normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing uncertainty for litigants." In the instance of *Neumeier,* where the guest was a domiciliary of Canada and the host a domiciliary of New York, the court had no difficulty in deciding that:

> "[I]gnoring Ontario's policy requiring proof of gross negligence in a case which involves an Ontario-domiciled guest at the expense of a New Yorker does not further the substantive law purposes of New York. In point of fact, application of New York law would result in the exposure of this State's domiciliaries to a greater liability than that imposed upon resident users of Ontario's highways. Conversely, the failure to apply Ontario's law would 'impair'—to cull from the rule set out above—'the smooth working of the multi-state system [and] produce great uncertainty for litigants' by sanctioning forum shopping and thereby allowing a party to select a forum which could give him a larger recovery than the court of his own domicile. In short, the plaintiff has failed to show that this State's connection with the controversy was sufficient to justify displacing the rule of *lex loci delictus.*" [11]

■ However, the *Neumeier* determination that the *lex loci delictus* is not to be displaced is not necessarily controlling here, since there is a factual difference which involves a third jurisdiction. Here plaintiff is a domiciliary of New Jersey. The question presented under the third guideline is whether displacing Ohio law and applying that of New York, which, like New Jersey, has no

---

10. Neumeier v. Kuehner, 31 N.Y.2d 121, 128, 335 N.Y.S.2d 64, 70, 286 N.E.2d 454, 457–458 (1972), quoting Tooker v. Lopez, 24 N.Y.2d 569, 585, 301 N.Y.S. 2d 519, 532–533, 249 N.E.2d 394, 404 (1969) (Fuld, C. J., concurring).

11. *Id.* at 129, 335 N.Y.S.2d at 70–71, 286 N.E.2d at 458.

guest statute, so that the standard by which the defendants' alleged negligence is to be tested is that of the reasonably prudent person, will result in impairing "the smooth working of the multi-state system or producing great uncertainty for litigants." The answer requires consideration of the laws, policies and interests of three jurisdictions—Ohio, the place of the accident; New York, the forum state of which defendants are domiciliaries; and New Jersey, of which plaintiff is a domiciliary.

Ohio's guest statute appears to have a number of objectives: (1) to protect the "good samaritan" host from lawsuits by ungrateful guests;[12] (2) to prevent collusive suits for recovery against insurance carriers;[13] and, (3) a possible purpose, to assure priority in the distribution of assets of the negligent defendant in favor of injured non-guest third parties.[14] No vital policy interest of Ohio will be served by applying its law and denying to the plaintiff recovery for her injuries. No domiciliary of its state is affected by the result of this action; any recovery by plaintiff will be against New York domiciliaries or against the proceeds of any insurance policy issued in this state. It does not appear that any third party non-guest domiciliary or nondomiciliary of Ohio was injured or is asserting any claim which may involve

priority in the distribution of assets. And even were there such a claimant, the New York Court of Appeals has rejected the presence of a third party non-guest as an irrelevant basis upon which to consider the application of a state's guest statute.[15] Ohio's sole connection with the parties involved in this litigation is the happenstance that the accident occurred within its borders. It would hardly concern Ohio that a New Jersey citizen, by bringing suit for injuries against his host, a New York resident, is cast in the role of an ungrateful guest. It has no real interest in the outcome of this suit. With the injured plaintiff and the alleged wrongdoers respectively domiciliaries of New Jersey and New York, which states are not inhospitable to guest claims, logic and fairness suggest that New York would equate the New Jersey claimant's position to that of its own domiciliary and apply the first principle articulated by Chief Judge Fuld—that is, the New York "standard of care which the host owes to his guest." That is the standard adopted by New Jersey's highest court, which has stated: "We see no reason why the host should be less vigilant for his own guest than he must be for a guest in another car," and held that "a driver owes his passenger a duty to exercise reasonable care."[16]

12. See, e. g., Hasbrook v. Wingate, 152 Ohio St. 50, 53–54, 87 N.E.2d 87, 89 (1949); Comment, The Ohio Guest Statute, 22 Ohio St.L.J. 629, 630 (1961). It has been held that the guest statute extends assurance of protection to owners of cars whether or not present in the vehicle at the time of the accident. See Cunningham v. Bell, 149 Ohio St. 103, 107–108, 77 N.E.2d 918, 920–921 (1948). At least one guest statute has been construed not to benefit owners who are not operating the car at the time of the accident. See Hansel v. Ford Motor Co., 3 Wash.App. 151, 473 P.2d 219 (1970).

13. See, e. g., Thomas v. Herron, 20 Ohio St.2d 62, 66, 253 N.E.2d 772, 775 (1969); Comment, supra note 12, at 630. The first two purposes have been recognized as objectives of the Ohio Guest Statute by both New York (see Naphtali v. Lafazan, 8 App.Div.2d 22,

25, 186 N.Y.S.2d 1010, 1014 (2d Dep't), appeal dismissed in part on other grounds, 8 App.Div.2d 727, 187 N.Y.S.2d 1020 (1959), aff'd, 8 N.Y.2d 1097, 209 N.Y.S.2d 317, 171 N.E.2d 462 (1960)) and New Jersey (see Mellk v. Sarahson, 49 N.J. 226, 230, 229 A.2d 625, 627 (1967)) courts.

14. While no Ohio decision has so held, other courts have taken this view. See Cashman v. Evans, 249 F.Supp. 273, 274 (S.D.N.Y.1966); Dym v. Gordon, 16 N.Y. 2d 120, 124, 262 N.Y.S.2d 463, 466, 209 N.E.2d 792, 794 (1965). But see Tooker v. Lopez, 24 N.Y.2d 569, 574, 575, 301 N.Y.S.2d 519, 523–524, 249 N.E.2d 394, 397 (1969).

15. See Tooker v. Lopez, 24 N.Y.2d 569, 574, 575, 301 N.Y.S.2d 519, 523–524, 249 N.E.2d 394, 397 (1969).

16. Cohen v. Kaminetsky, 36 N.J. 276, 283–284, 176 A.2d 483, 487 (1961).

New York State's policy under its compulsory insurance law is the protection of injured persons no matter where the accident occurs. The legislative policy declaration expresses the state's "grave concern that . . . innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them." [17] The declaration of purpose makes no distinction between injured guests and non-guests. The implementing legislation requires liability insurance "against loss from liability imposed by law for damages . . . arising out of the ownership . . . or operation of a specific motor vehicle . . . within the State of New York, or elsewhere in the United States in North America or the Dominion of Canada . . . ." [18] In displacing the *lex loci delictus*, New York does no violence to Ohio. It is applying its own law in favor of a domiciliary of another state whose law is consonant with its own. It imposes no greater burden upon its domiciliaries than they undertook when receiving a license to own and operate a motor vehicle. In sum, New York's interest and that of New Jersey, evaluated against Ohio's connection with this controversy, is sufficient to justify displacing the rule of *lex loci delictus*.

The defendants place heavy store upon Pryor v. Swarner,[19] where Judge Waterman of our Court of Appeals found the guest statute of Ohio, where the accident occurred, applicable in a diversity suit brought by a New York citizen against Florida citizens, the host driver and owner of a car in which plaintiff was injured; the insurer was a Florida corporation. Analyzing the principles which Chief Judge Fuld initially projected in his concurring opinion in the Tooker case, but before acceptance by a majority in Neumeier v. Kuehner, Judge Waterman concluded that New York State would not displace Ohio law. He reasoned that the New York Court of Appeals would hold that the application of New York law would violate Florida's policy of protecting its residents and their insurers, and that since its guest statute coincided with that of Ohio there was substantial reason for adhering to the *lex loci delictus* rule.[20] Here, of course, the factual situation is substantially different; none of the litigants reside in a state having a guest statute, nor presumably did the insurer calculate the defendants' insurance premiums with a guest statute in mind.[21]

Accordingly, the defendants' motion to dismiss the complaint is denied and the plaintiff's cross-motion to dismiss the affirmative defense based upon the Ohio Guest Statute is granted.

---

17. N.Y.Veh. & Traf.Law § 310(2).

18. *Id.* § 311(4)(a). This court realizes that the *Neumeier* majority appears, at first glance, to reject any consideration of the New York compulsory insurance requirement as relevant. However, the court there only stated that the "applicable statute [N.Y.Veh. & Traf.Law §§ 310–321] was not intended to impose liability where none would otherwise exist." 31 N.Y.2d at 126, 335 N.Y.S.2d at 68, 286 N.E.2d at 456. In the case at bar, the New York policy on insurance, while it does not create the liability, is a factor which the New York courts may still consider. The *Neumeier* majority opinion also states that this New York policy should not be asserted "in support of an *Ontario guest* [Ontario has a guest statute] picked up in Ontario and *who enjoyed no similar protection under Ontario Law.*" *Id.* at 130, 335 N.Y.S.2d at 71, 286 N.E.2d at 458 (emphasis added). The case before this court, however, involves a plaintiff from a jurisdiction without a guest statute.

19. 445 F.2d 1272 (2d Cir. 1971).

20. *Id.* at 1277.

21. *See id.*