## Lake Western Aero Corporation v.
## Avco Corporation

*Allen E. Ertel,* for plaintiff.
*Richard H. Roesgen,* for defendant.

RAUP, J., August 6, 1974.—This case is before the court on defendant's motion for summary judgment. Defendant contends that, based upon the pleadings and affidavits filed, plaintiff's cause of action is barred by the applicable statute of limitations, to wit, that of California.

Plaintiff sues for property damage to its aircraft which crashed on February 13, 1967, allegedly as a result of a defect in the engine's piston assembly which was sold by defendant.

Plaintiff is a California corporation. Defendant is a Delaware corporation, which was amenable to service of process at all material times in the State of California. The complaint alleges that the aircraft was

being flown near Point Magu, Calif., and that it landed near Oxnard, Calif., when the damages were sustained. The pleadings are silent as to where the engine was manufactured or assembled.

The parties agree that if the California statute of limitations applies, plaintiff's action will be barred because the complaint was filed more than three years after the accident.

Initially, this court looks to Pennsylvania's "borrowing statute." Act of June 26, 1895, P. L. 375, 12 PS §39:

"When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts in this commonwealth."

Looking to the pleadings and affidavit, it would appear that the cause of action alleged in this case arose in the State of California. A cause of action arises with the " 'occurrence of the final significant event necessary to make the claim suable' ": Gross v. McDonald, 354 F. Supp. 378 (E.D. Pa., 1973).

Next, the court must determine whether the cause of action would be fully barred by the laws of the State of California. This court is unable to make that determination for two reasons:

(a) The court has not been provided with legal authority in order to ascertain whether the State of California would apply its own statute of limitations or the statute of limitations of the State in which the aircraft engine was manufactured (the burden in this regard rests with the moving party); and

(b) It is impossible to determine from the pleadings and affidavits the State of the manufacture of the engine, if that fact would be critical to a decision under the California law.

## ORDER

And now, August 6, 1974, defendant's motion for summary judgment is denied, subject, of course to renewal in the event the information necessary for a decision is properly presented.